934 F.2d 318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Terrance Aurthur BROOKS, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of Virginia Department of
Corrections, Respondent-Appellee.
 No. 91-7035.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 6, 1991.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-90-630-R)
 Terrance Aurthur Brooks, appellant pro se.
 Leah Ann Darron, Assistant Attorney General, Richmond, Va., for appellee.
 W.D.Va.
 DISMISSED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Terrance Brooks seeks to appeal the district court's order denying him relief on his habeas corpus petition brought pursuant to 28 U.S.C. Sec. 2254 and the district court's order denying his motion for reconsideration of that order. He claimed that the Virginia Department of Corrections arbitrarily denied him advancement in his good-conduct-time earning level partially because the department relied on an expunged prison charge. We dismiss the appeal.
 
 
 2
 The district court entered its final order denying habeas relief on December 19, 1990. Brooks served his motion for reconsideration on January 5, 1991, and it was filed two days later. The district court denied Brooks's motion for reconsideration on January 22, 1991. Brooks filed a notice of appeal of both the district court's orders on February 1, 1991, and the certificate of service was dated January 31, 1991.
 
 
 3
 The district court has no discretion to extend the 10-day filing deadline for Fed.R.Civ.P. 59 motions. Smith v. Evans, 853 F.2d 155, 157 (3d Cir.1988); Fed.R.Civ.P. 6(b). Brooks's 10-day period expired on January 4, 1991, one day prior to Brooks's service of his motion. See Fed.R.Civ.P. 6(a) (excluding Saturdays, Sundays and legal holidays). Brooks's motion should, therefore, be considered as a Rule 60(b) motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Rule 60 motions do not toll the 30-day appeal filing limitation however. Id. Therefore, Brooks's appeal from the December 19, 1990, final order denying habeas relief was not timely noted and this court does not have jurisdiction to consider that appeal. Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 264-65 (1978). Even if we were to consider the district court's order as granting Brooks an extension of the appeal period, we would find that the district court properly denied relief on the merits.
 
 
 4
 Brooks's appeal was noted within 30 days of the denial of his motion for reconsideration. Therefore, we do have jurisdiction to consider that appeal. However, the district court's denial of a Rule 60(b) motion can only be reversed upon a finding of abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982). Having reviewed the record, we find that the district court did not abuse its discretion in denying Brooks's motion.
 
 
 5
 For the foregoing reasons, we deny a certificate of probable cause to appeal and dismiss as untimely that portion of the appeal seeking a review of the district court's denial of habeas relief. We also dismiss the portion of the appeal seeking a review of the district court's denial of Brooks's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.