UNITED STATES of America, Appellant,

v.

Michael D. WILLIAMS, Appellee.

No. 81–6449.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1982.

Decided March 31, 1982.

clear his name.

Marye L. Wright, Asst. U. S. Atty., Charleston, W. Va. (Wayne A. Rich, Jr., U. S. Atty., Charleston, W. Va., on brief), for appellant.

Michael T. Clifford, Charleston, W.Va., for appellee.

Before WINTER, Chief Judge, and ERVIN and CHAPMAN, Circuit Judges.

WINTER, Chief Judge:

This is an appeal from an order of the district court denying a post-judgment motion made by the government. The district court had previously ordered that Michael Williams, a prisoner incarcerated in federal prison in West Virginia, be released unless the government chose within sixty days to retry him. We affirm.

I.

Williams was convicted in 1973 of distributing heroin, a violation of 21 U.S.C. § 841(a)(1). This court affirmed the conviction on direct appeal. *United States v. Williams*, 486 F.2d 222 (4 Cir. 1973), *cert. denied*, 416 U.S. 941, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974). An important prosecution witness in Williams' trial was Melvin Lee, who testified that he had obtained heroin from Williams. The basis for Williams' petition for release, brought in 1978 under 28 U.S.C. § 2255, is that one of the members of the jury which convicted him had previously served on the jury that convicted Lee of the same offense. Williams alleges that this made the juror more likely to believe Lee's testimony than would otherwise have been the case, and thus denied Williams his Seventh Amendment right to a trial by an unbiased jury. At no time during his trial, however, did Williams or his counsel object to the participation of the juror who had also served on the jury in Lee's trial.

The district court referred the § 2255 petition to a magistrate. He recommended that the conviction be overturned, reasoning that under the totality of the circumstances, it could be implied that the juror had been biased. The magistrate also invited the government to raise the contention that any objection to the participation of the juror had been waived because no objection was made at trial. The government submitted a memorandum in opposition to the finding of bias, arguing that bias could not be implied in this case, but made no mention of the waiver issue.

On January 8, 1981, the district court ordered that Williams be released unless the government chose within sixty days to retry him. Twenty-two days later, the government filed a document styled: "Motion to Reopen Record of this Case for Additional Evidence and to Reconsider the Court's Order of January 8, 1981." In support of this motion, the government stated:

1. The Court's order is based on a misapprehension of the law. The implied bias theory is inapplicable in this case.

2. Upon initial consideration of the issues raised by movant in his motion, the United States was not aware that the entire voir dire of the jury panel had not been transcribed, in that a search of the Court's file did not reveal that additional notes of the voir dire had been taken by the official court reporter. Subsequent to this Court's order of January 8, 1981, it was learned that additional notes of the jury voir dire had never been transcribed, but in fact did exist. These notes were transcribed on January 22, 1981. Attached hereto and incorporated by reference is the official transcript prepared on January 22, 1981, by the court reporter of the complete voir dire of the jury panel in the underlying criminal case. This transcript shows conclusively that movant waived whatever right he had to be tried by jurors who had not sat in the previous case.

On February 2, 1981, the district court denied the government's post-judgment motion, stating: "After careful review of the new evidence, the Court is of the opinion that the Court's order entered on January 8, 1981, granting movant relief shall stand." The present appeal was filed on March 30, 1981.

## II.

We begin our analysis by noting the extremely limited nature of this appeal.

No aspect of the district court's initial judgment is before us for review. The present appeal was filed more than sixty days after the district court initially entered judgment, so the initial judgment is open to review only if the time period allowed for appeal was tolled before it expired. A motion under Rule 59, Fed.R. Civ.P., would have tolled the running of the time for appeal, but the government's post-judgment motion was not timely under Rule 59, which requires that motions be filed within ten days of judgment. The post-judgment motion was timely only under Rule 60(b), Fed.R.Civ.P., which permits a motion based thereon to be filed within one year of judgment, but a Rule 60(b) motion does not toll the running of the time for appeal.

At most, therefore, the government may only argue that the denial of its post-judgment motion should be reversed. That is the *only* question presented by the government to this court in timely fashion. In reviewing the denial of a Rule 60(b) motion, however, we can reverse only if the district court's denial of the motion amounted to an abuse of discretion. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2872 (1973).

## III.

To the extent that the post-judgment motion sought to have the district court reconsider its ruling with respect to the bias issue, it was clearly improper, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue. Of course, the government points out that Rule 60(b) provides that a motion may be made because a "mistake" has been committed, and argues that the portion of

the post-judgment motion dealing with the bias issue was proper under Rule 60(b) because it alleged that the court had made a mistake in resolving that issue. In certain limited circumstances, the word "mistake" in Rule 60(b) has indeed been read to include mistakes by the court. *See, e.g., Tarkington v. United States Lines Co.*, 222 F.2d 358 (2 Cir. 1955) (a Supreme Court decision handed down after the district court initially entered judgment indicated that the district court had erred; Rule 60(b) was held to authorize a motion bringing the Supreme Court decision to the district court's attention and asking the district court to alter its judgment accordingly). Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b). *See generally* 11 C. Wright & A. Miller, *supra*, § 2858. The portion of the post-judgment motion dealing with the bias issue was thus properly rejected by the district court.

## IV.

 The portion of the post-judgment motion dealing with the waiver issue clearly invokes Rule 60(b)(2), since it purports to present "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." The transcript of the voir dire proceedings, presented to the district court for the first time in the post-judgment motion, indicates that potential jurors were asked if they had previously served on the jury in a narcotics prosecution. Several, including the juror who had previously served on the jury that convicted Melvin Lee, answered that they had. Defense counsel pursued the matter no further, however, and made no preemptory challenges. The defendant Williams was present during the voir dire proceedings.

We cannot say that the district court abused its discretion by declining to reopen the proceedings on the basis of this evidence. The fact that defense counsel came close to, but then backed away from, questioning the juror about his prior participation on the jury that convicted Melvin Lee adds little, if anything, to what the government knew before the district court initially entered judgment. This is borne out by the fact that the arguments made to us by the government for the proposition that Williams waived his objection depend only slightly, if at all, on the new evidence. These same arguments could have been raised before the district court initially entered judgment, but they were not, despite the fact that they had been invited. The district court did not abuse its discretion by refusing to hear those arguments after it had entered judgment merely because the government proffered evidence that added little, if anything, to their weight.

AFFIRMED.