861 F.2d 264
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul KIRK, Plaintiff-Appellant,
v.
U.S. BUREAU OF PRISONS, Defendant-Appellee.
 No. 87-7325.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 30, 1988.
Decided: Oct. 21, 1988.
 
 Paul Kirk, appellant pro se.
 Gurney Wingate Grant, II (Office of the United States Attorney), for appellee.
 Before WIDENER, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Paul Kirk, a federal inmate, brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671 et seq. The district court, finding that Kirk had failed to comply with an earlier court order requiring Kirk to inform the court of any change of his address, dismissed the action in a judgment order entered on April 15, 1987. On July 20, 1987, Kirk filed a motion to vacate the judgment. This motion questioned the court's order dismissing his action as well as an order denying Kirk's motion to recuse the magistrate. Finding no reason to disturb its earlier orders, the district court denied the motion. Kirk then filed the appeal now before the Court. For the reasons discussed below, we find that the district court's denial of Kirk's post-judgment motion was proper.
 
 
 2
 As an initial matter, we note that the only issue presented in this appeal is whether the district court properly denied Kirk's motion to vacate the judgment. The district court's judgment order dismissing Kirk's case is not open to review because Kirk's notice of appeal was filed more than sixty days after that judgment was entered. Kirk's post-judgment motion must be deemed a Fed.R.Civ.P. 60(b) motion because it was filed more than ten days after entry of judgment; as such, it did not toll the time to appeal the underlying judgment. In reviewing the denial of a Rule 60(b) motion, this Court may reverse only if the district court's denial amounted to an abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982).
 
 
 3
 Our review of the record convinces us that the district court did not abuse its discretion in denying Kirk's motion. We find Kirk's reasons for his failure to keep the court advised of his current address when he was transferred from Minnesota to New York to be unpersuasive. Though he claims that he informed the court of his new address upon his arrival in New York, there is no evidence of this in the record. In any event, there appears to be no reason why Kirk could not have informed the court of his impending transfer before he left Minnesota. In sum, we cannot say that the district court erred in finding that Kirk had failed to show grounds justifying relief under Rule 60(b).
 
 
 4
 Since Kirk failed to demonstrate grounds for disturbing the court's dismissal order, there is also no reason to disturb the court's order denying as moot Kirk's motion to recuse the magistrate, which was filed after dismissal.
 
 
 5
 For the foregoing reasons, we grant leave to proceed in forma pauperis and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.