867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Danny McBURNETT, Petitioner--Appellant,
v.
STATE OF SOUTH CAROLINA; Travis Medlock, The Attorney
General of the State of South Carolina,
Respondents--Appellees.
 No. 88-7740.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 22, 1988.
Decided: Dec. 30, 1988.
 
 Danny McBurnett, appellant pro se.
 William Alva Ready, III (Office of the Attorney General of South Carolina), for appellees.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Danny McBurnett, a South Carolina inmate, brought this petition pursuant to 28 U.S.C. Sec. 2254 alleging that he received ineffective assistance of counsel and that the trial court erred in failing to order his psychiatric evaluation before accepting his plea of guilty. His case was referred to a magistrate who, in an order entered October 1, 1987, recommended granting the respondents' motion for summary judgment. On October 22, 1987, McBurnett filed his objections to the magistrate's report. The district court noted that these objections were untimely but reviewed them nevertheless and found they provided no basis for rejecting the recommendation of the magistrate. Accordingly, on December 18, 1987, the district court entered an order granting the respondents' motion for summary judgment. Approximately seven months later, on July 6, 1988, McBurnett filed a motion for reconsideration. On August 1, 1988, the district court denied the motion. On August 18, 1988, McBurnett filed his notice of appeal.
 
 
 2
 The only issue presented in this appeal is whether the district court properly denied McBurnett's July 6, 1988, motion for reconsideration. The district court's December 18, 1987, judgment denying McBurnett's habeas petition is not open to review because his notice of appeal was untimely filed some nine months after that judgment was entered. Because McBurnett's motion for reconsideration was filed more than ten days after entry of judgment, it must be deemed a Fed.R.Civ.P. 60(b) motion; as such, it did not toll the time to appeal the underlying judgment. In reviewing the denial of a Rule 60(b) motion, this Court may reverse only if the district court's denial amounted to an abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982).
 
 
 3
 Our review of the record convinces us that the district court did not abuse its discretion in denying McBurnett's motion. The basis of McBurnett's motion appears to be grounded in his belief that the district court dismissed his petition because his objections to the magistrate's report were untimely. McBurnett seeks to excuse his failure to file timely his objections by contending he was unaware of the fourteen day limit for doing so. However, even if his failure to file timely objections was excusable, this does not provide a basis for reconsidering the district court's dismissal order because, as that order clearly states, the district court considered McBurnett's objections, despite their untimeliness, and found them to be without merit. Thus, we find the district court's denial of the motion for reconsideration to be entirely proper.
 
 
 4
 We deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.