872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David L. ROBINSON, Petitioner-Appellant,
v.
Ken MCKELLAR, T. Travis Medlock, Attorney General of South
Carolina, Respondents-Appellees.
 No. 88-6808.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 6, 1989.
Decided March 24, 1989.
 
 David L. Robinson, appellant pro se.
 Donald John Zelenka, Office of the Attorney General of South Carolina, for appellees.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David L. Robinson, a South Carolina inmate, sought a writ of habeas corpus under 28 U.S.C. Sec. 2254, contending that he was denied the assistance of counsel at his probation revocation hearing, and that the state court erred in failing to find on the record that he willfully violated his probation. The magistrate recommended dismissal of the habeas action and the district judge accepted this recommendation. Robinson filed a motion for reconsideration, which was denied.
 
 
 2
 Robinson's appeal with this Court was filed on September 9, 1988, more than thirty days after the district court entered judgment on July 14, 1988. The initial judgment is therefore open to review only if the time period allowed for appeal was tolled by the motion for reconsideration. Because the motion for reconsideration was not filed within ten days of the order, it was timely only under Fed.R.Civ.P. 60(b), which permits a motion based thereon to be filed within one year of judgment. However, a Rule 60(b) motion does not toll the running of the time for appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257 (1978); United States v. Williams, 674 F.2d 310 (4th Cir.1982). The appeal was thus not timely from the original order, and the only question before the Court is whether the district court properly denied the motion for reconsideration.
 
 
 3
 In the motion for reconsideration, Robinson raised the same issues he raised in his habeas petition. Rule 60(b) does not authorize a motion merely for reconsideration of legal issues. Williams, 674 F.2d at 312. We accordingly hold that this appeal is without merit, deny a certificate of probable cause, and dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 DISMISSED.