905 F.2d 1529
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas GLADNEY, Plaintiff-Appellant,
v.
SOUTHERN RAILWAY COMPANY, Defendant-Appellee,
and
Brotherhood of Maintenance of Way Employees, Defendant.
 No. 89-1427.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1989.
Decided May 3, 1990.
Rehearing Denied June 1, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (C/A 84-3193-3)
 Thomas Gladney, appellant pro se.
 Mamie Sue Dickerson, Frank Huger Gibbes, III, Rainey, Britton, Gibbes & Clarkson, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thomas Gladney appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion following the entry of judgment against Gladney in this employment discrimination action.* A thorough review of the record and applicable law does not convince us that the district court abused its discretion, and we conclude that the appeal is without merit. See White v. Investors Management Corp., --- F.2d ----, No. 88-2540 (4th Cir. Nov. 6, 1989); Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir.1981). As our review of the record and other material before the Court indicates that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 2
 AFFIRMED.
 
 
 
 *
 Final judgment in this case was entered on May 9, 1988. Gladney filed a motion for new trial outside the 10-day period set forth in Fed.R.Civ.P. 59(b). The district court implicitly converted the motion to one made pursuant to Fed.R.Civ.P. 60(b). The court denied the motion on January 10, 1989. On January 16, Gladney filed a "motion for new trial and oppose order" which evinced an intent to appeal both the January 10 order and the May 9, 1988, decision on the merits
 Only the January 10 order is before the Court. Gladney failed to note an appeal or to move for an extension of time within which to note an appeal within the time periods specified in Fed.R.App.P. 4(a). The lone document filed within that time period was the motion for new trial. That motion did not manifest an intent to appeal the judgment on the merits, and Gladney may not use a Fed.R.Civ.P. 60(b) motion to circumvent the requirements of Fed.R.Civ.P. 4(a) so as to bring the underlying judgment before this Court. See Matarese v. LeFevre, 801 F.2d 98, 106-07 (2d Cir.1986), cert. denied, 480 U.S. 908 (1987); United States v. Williams, 674 F.2d 310, 312-13 (4th Cir.1982). Therefore, we are without jurisdiction to consider the propriety of the final judgment.