911 F.2d 723
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George B. JONES, Mabel M. Jones, Plaintiffs-Appellants,
v.
BURNHAM TRUCKING COMPANY, INC., Harvey Cornelius Townsend,
Defendants-Appellees,
and
GEICO, Inland Steel Industries, Inc., Defendants.
 No. 89-2178.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 24, 1990.
Decided Aug. 3, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-3675-HAR)
 Robert B. Hetherington, McCarthy, Wilson & Ethridge, Rockville, Md., for appellants.
 George L Huber, Jr., William J. Kobokovich, Jr., Huber & Lutche, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George B. Jones appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion to vacate the order dismissing his claim for lack of diversity jurisdiction. We affirm.
 
 
 2
 Jones filed a complaint against Harvey C. Townsend, Burham Trucking Co., and Government Employees Insurance Co. for tort and breach of contract claims arising out of an automobile accident. Although there was diversity between Townsend, the trucking company, and Jones, there was no diversity between the insurance company and Jones. The district court found that there was not complete diversity and dismissed the case on April 19, 1989. The court specifically ordered "[t]hat the clerk of the court close this case." On May 25, 1989, Jones moved to have the order vacated under Rule 60(b)* on the ground that he misunderstood the order only to dismiss GEICO from the action.
 
 
 3
 Jones contends that he, Townsend, and Burham Trucking Co. made a mutual mistake of fact in believing that the lawsuit was still pending after the April 19 order. Jones did not discover his mistake until it was too late to appeal. He argues that this erroneous reading of the order rises to an exceptional circumstance requiring relief under Rule 60(b)(1) or (b)(6).
 
 
 4
 We review the district court's order denying Jones' motion for abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982). The district court permissibly found that the mistake of Jones' counsel does not warrant relief. Jones fails to show why the mistake was justified. See United States v. O'Neil, 709 F.2d 361, 373-74 (5th Cir.1983); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2858, at 170 (1973).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Rule 60(b) offers relief from a final order for "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."