930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MAJOR MEDIA OF THE SOUTHEAST, INCORPORATED, d/b/a Naegele
Outdoor Advertising Company of Raleigh-Durham,
Plaintiff-Appellant,
v.
CITY OF RALEIGH, Defendant-Appellee.
 No. 89-1571.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-84-796-5-CIV)
 Richard Whitlowe Ellis, Smith, Helms, Mulliss & Moore, Raleigh, N.C. (argued), for appellant; J. Donald Hobart, Jr., Smith, Helms, Mulliss & Moore, Raleigh, N.C., on brief.
 Thomas A. McCormick, Jr., City Attorney, City of Raleigh, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Naegele Outdoor Advertising challenges the district court's refusal to modify a 1985 summary judgment. Naegele bases its claim for modification pursuant to Federal Rule of Civil Procedure 60(b) on alleged subsequent changes in the law and facts. Because neither the facts nor the law have changed enough to warrant modification, we affirm the district court's denial of the motion.
 
 
 2
 * In 1983 the City of Raleigh passed an ordinance to phase out large bill boards within a five and one-half year amortization period. We upheld the constitutionality of the regulations on summary judgment. Major Media of the Southeast, Inc. v. City of Raleigh, 621 F.Supp. 1446 (E.D.N.C.1985), aff'd, 792 F.2d 1269 (4th Cir.1986). Subsequently, this circuit clarified the test for regulatory takings, primarily by requiring detailed findings on whether the amortization period is reasonable. Naegele Outdoor Advertising, Inc. v. City of Durham, 844 F.2d 172, 177-78 (4th Cir.1988). Naegele argues that this change is sufficient to grant modification. The district court, nevertheless, determined that the change was not substantial enough to warrant relief.
 
 
 3
 Naegele also argues that factual circumstances have changed. It argues first that the city is requiring it to remove signs along Federal Aid Primary roads, which were exempt from the original zoning restrictions; second, that the city required removal of signs before the completion of the amortization period; third, that the city's regulations restrict Naegele from rebuilding its nonconforming signs to make them conforming; and, fourth, that its business records now demonstrate that the amortization period is unreasonable. The district court found that the city is not requiring the removal of additional signs along Federal Aid Primary roads; that Naegele had the benefit of the full amortization period; that the city's restrictions on rebuilding signs had not changed; and that Naegele's revised figures on profitability do not constitute "a significant change of fact."
 
 II
 
 4
 The district court has wide latitude to decide whether changes in facts and law dictate modification of a prior judgment because enforcement of the judgment "is no longer equitable." Fed.R.Civ.P. 60(b)(5). We review a district court's decision on a Rule 60(b) motion for abuse of discretion. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982); 11 Wright & Miller, Federal Practice and Procedure Sec. 2872, at 261 (1973).
 
 
 5
 The district court's opinion provides ample support for its conclusion that neither the facts nor the law changed sufficiently to warrant relief from the 1985 judgment. Accordingly, we affirm on the reasoning of the district court. Major Media of the Southeast, Inc. v. City of Raleigh, CA-84-796-5-CIV (E.D.N.C. Sept. 14, 1989).
 
 
 6
 AFFIRMED.