37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Anthony GRANDISON, Plaintiff-Appellant,
v.
William Donald SCHAEFER, Governor, State of Maryland; James
N. Rollins, Former Warden, Maryland Penitentiary; Richard
Lanham, Sr., Commissioner; Sue A. Schenning, Deputy State's
Attorney, Defendants-Appellees.
 No. 93-7207.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided Oct. 17, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-92-2312-B)
 Anthony Grandison, Appellant Pro Se.
 Stephanie Judith Lane-Weber, Assistant Attorney General, Baltimore, MD, for Appellees.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Grandison, a prisoner sentenced in federal court to a term of life plus ten years and a term of twenty-one years, and sentenced in state court to two death sentences, appeals the district court's dismissal of his civil action pursuant to 42 U.S.C. Sec. 1983 (1988), in which he alleged, inter alia, that the State of Maryland wrongfully sought and obtained a warrant of execution for him to be executed during November 1990. Specifically, Grandison claimed that Defendants could not enforce the death sentence against him absent consent of the United States and agreement by the United States that his federal sentences were "satisfied or waived." Grandison then filed a motion to amend his Complaint to include Baltimore County, Maryland, as a Defendant.
 
 
 2
 On March 25, 1993, the district judge denied Grandison's motion for leave to amend his Complaint, and granted Defendants' motion to dismiss. Grandison served and filed a timely motion for reconsideration under Fed.R.Civ.P. 59(e), which the district court denied on July 16, 1993. Grandison then filed a second motion for reconsideration under Fed.R.Civ.P. 60(b), in which he claimed that an earlier order by District Judge Murray, holding that Grandison was a federal prisoner on loan to the State for trial only, which order was affirmed by this Court, precluded the decision by the district court that the State was free to impose sentence on him before he has served his federal sentences. On July 26, 1993, the district court summarily denied Grandison's second motion for reconsideration, stating that the arguments presented in the motion merely reiterated those raised in earlier motions.
 
 
 3
 Grandison filed a notice of appeal on August 25, 1993, specifically appealing only the district court's order of March 25, 1993, granting Defendants' motion to dismiss and denying Grandison's motion for leave to amend, and its order of July 26, 1993, denying Grandison's second motion for reconsideration.[1] We affirm the district court's order of July 26, 1993, and dismiss the appeal as untimely as to the district court's order of March 25, 1993.
 
 
 4
 We only have jurisdiction over the denial of Grandison's second motion for reconsideration. The first motion for reconsideration tolled the appeal period as to the underlying order.[2] Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). The district court denied the first motion for reconsideration on July 14, 1993. Consequently, Grandison had thirty days from that date to appeal the final order. Fed. R.App. P. 4(a). Instead, he filed his second motion for reconsideration, which is properly construed as a motion pursuant to Fed.R.Civ.P. 60(b), and which does not toll the appeal period. In such a case, the notice of appeal must be filed within the appeal period measured from the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 268-69 (1978). Accordingly, the notice of appeal, filed on September 25, 1993, is only timely as to the denial of the second motion for reconsideration. See Dove v. CODESCO, 569 F.2d at 809.
 
 
 5
 Because Grandison's second motion for reconsideration does nothing more than restate his earlier claims, the district court's denial of the motion was not an abuse of discretion. See United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982) (denial of Rule 60(b) motion reviewed for abuse of discretion; relief not authorized for mere reconsideration of legal issues). Accordingly, we affirm the district court's denial of Grandison's Rule 60(b) motion, and dismiss his appeal of the earlier order as untimely.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 [1]
 The certificate of service on Grandison's notice of appeal was dated August 25, 1993. On October 19, 1993, Grandison wrote to the district court stating that he had not heard from the clerk's office regarding his appeal, stating that he "filed" the notice on August 25, 1993, and enclosing a carbon copy of the notice of appeal
 The district court held that the notice of appeal was untimely, because the court did not receive the order until October 21, 1993, attached to Grandison's correspondence. Grandison then filed a motion for reconsideration under oath stating that on August 25, 1993, he gave the notice of appeal to correctional officers for filing.
 Based on Grandison's affidavit, the district court found that he delivered the notice of appeal to correctional officers on August 25, 1993, granted Grandison's motion for reconsideration, and accepted the notice of appeal for filing.
 
 
 [2]
 This first motion for reconsideration was served within ten days of entry of the final judgment and calls into question the correctness of the judgment. It is therefore properly construed under Fed.R.Civ.P. 59(e)