**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RASHEED ADEBOWALE TAIWO,
Plaintiff-Appellant,

v.                                                                  No. 95-2902

THE SOUTHLAND CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-94-3062-JFM)

Submitted: July 23, 1996

Decided: August 1, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sol Z. Rosen, Washington, D.C., for Appellant. Michael F. Marino,
Eric A. Welter, REED, SMITH, SHAW & MCCLAY, Washington,
D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rasheed Adebowale Taiwo appeals from the district court's order denying relief on his motion for reconsideration* of the district court's grant of judgment in favor of Defendant and dismissal of his employment discrimination action claiming violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1996), and 42 U.S.C.§ 1981 (1988), arising out of his employment with and termination of employment with Defendant The Southland Corporation (Southland). Specifically, Taiwo claimed that he was discriminated against on the basis of his race and national origin when Southland failed to promote, and then ultimately terminated him. He also claimed that Southland retaliated against him by terminating him for filing an Equal Employment Opportunity Commission (EEOC) complaint. We have reviewed the record and the district court's opinion and find no reversible error.

The district court properly held that Taiwo failed to rebut the legitimate, nondiscriminatory reasons Southland proffered for promoting the other individual, and for terminating Taiwo. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-56 n.10 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991). Moreover, we find that the district court properly found that Taiwo failed to establish that "but for" his protected activity in filing an EEOC complaint, he would not have been terminated. See Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990). Accordingly, we cannot say that the district court abused its discretion in denying Taiwo's Rule 60(b) motion. See United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982).

We therefore affirm the district court's denial of Taiwo's Rule 60(b) motion. We dispense with oral argument because the facts and

_____

*Taiwo's motion for reconsideration is properly construed pursuant to Fed. R. Civ. P. 60(b). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

2

legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3