**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIE DANIEL VIRGILE,
Petitioner-Appellant,

v.

BENEDICT FERRO, District Director,
Immigration and Naturalization
Service,
Respondent-Appellee.

No. 95-8583

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
M. J. Garbis, District Judge.
(CA-95-676-MJG)

Submitted: August 22, 1996

Decided: September 12, 1996

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Karen Fletcher Torstenson,
Assistant Director, Anthony W. Norwood, Office of Immigration Liti-
gation, UNITED STATES DEPARTMENT OF JUSTICE, Washing-
ton, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marie Daniel Virgile appeals the district court's denial of her Fed. R. Civ. P. 60(b), in which she sought reconsideration of the district court's denial of her Complaint for Declaratory And Injunctive Relief And Petition For Writ of Habeas Corpus.* In support of her Rule 60(b) motion, Virgile attached alleged "new" evidence in the form of her own affidavit, in which she seeks to supplement her own testimony. The district court denied the motion essentially on the ground that Virgile's affidavit does not constitute "new" evidence as contemplated by Rule 60(b).

On appeal, Virgile raises two issues. First, as to the underlying case, she claims that the district court used the wrong legal standard of review in denying her request to reverse the denial of asylum and withholding of deportation. We decline to address this issue on appeal because the notice of appeal is not timely as to the underlying order. See Fed. R. App. P. 4(a)(1); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); see also United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982) (filing of Rule 60(b) motion does not toll running of appeal period on underlying decision).

We find that the second issue Virgile raises on appeal, that is, that the district court erred in denying her Rule 60(b) motion, is without merit. Virgile failed to raise any ground cognizable under Rule 60(b) which would support reconsideration of the district court's underlying decision. Specifically, we find that her own affidavit does not consti-

_____

*In her Complaint for Declaratory And Injunctive Relief And Petition For Writ of Habeas Corpus, Virgile sought reversal of the Board of Immigration Appeals's denial of political asylum and withholding of deportation, and of Virgile's motion to reopen.

2

tute "new" evidence as contemplated by Rule 60(b). <u>See</u> Fed. R. Civ. P. 60(b)(2).

Finding that the district court did not abuse its discretion in denying Virgile's Rule 60(b) motion, we affirm. <u>See Williams</u>, 674 F.2d at 312. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3