**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDUARD LORENZ,
Petitioner-Appellant,

v.

COMMONWEALTH OF VIRGINIA;

No. 97-6922

VIRGINIA DEPARTMENT OF
CORRECTIONS; AUGUSTA
CORRECTIONAL CENTER; LONNIE M.
SAUNDERS, Warden,
Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-1789)

Submitted: September 30, 1997

Decided: October 29, 1997

Before NIEMEYER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Eduard Lorenz, Appellant Pro Se. Thomas Drummond Bagwell,
Assistant Attorney General, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from the district court's denials of his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1997), his motions to strike the Appellee's motion to dismiss, and his application for an enlargement of time for filing a motion for relief under Fed. R. Civ. P. 60(b). Appellant's appeal from the order denying both his petition for a writ of habeas corpus and his motion to strike is untimely and is dismissed.

The district court denied Appellant's petition for a writ of habeas corpus and his motion to strike the Appellee's motion to dismiss by order entered April 9, 1996. Appellant had thirty days from that date within which to file a timely notice of appeal, see Fed. R. App. P. 4(a). This time period is "mandatory and jurisdictional." See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).

On April 21, 1997, Appellant filed a Motion for an Enlargement of Time, seeking an extension of the period within which he might file what he labeled a Motion for Revision, which was denied by the district court on April 23, 1997. On May 2, 1997, Appellant filed a Motion for Injunctive Relief and Other Relief, in which he complained the prison officials were interfering with his access to legal research materials. On May 8, 1997, Appellant filed a Motion for Revision. The district court construed this motion as one under Fed. R. Civ. P. 60(b); Rule 60(b) motions do not toll the time required by Rule 4(a) for filing a timely notice of appeal from the underlying judgment and order. See Browder, 434 U.S. at 263 n.7.

The district court denied Appellant's Motion for Revision and the Motion for Injunctive Relief in an order entered May 19, 1997, by which date the period had expired for appealing the April 9 order denying the petition for a writ of habeas corpus and the motion to

2

strike. Notwithstanding the expiration of the appeal period, Appellant noted an appeal on May 31, 1997. Consequently, Appellant's appeal from that order is untimely and must be dismissed.

Appellant's Rule 60(b) Motion for Revision challenged the district court's conclusion that Appellant had not exhausted his state court remedies prior to seeking habeas corpus relief. We review the district court's denial of a Rule 60(b) motion for abuse of discretion. See National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993). The record discloses that Appellant's conviction was affirmed by the Virginia Court of Appeals in 1995. His petition to appeal to the Supreme Court of Virginia was also denied in 1995. In January 1996, Lorenz filed a petition for a writ of habeas corpus in the district court, which was dismissed without prejudice for failing to exhaust state remedies. In addition, Appellant twice unsuccessfully petitioned the Supreme Court of the United States for a writ of habeas corpus. He never presented the claims he now raises in the habeas corpus petition to any Virginia state court, either on direct or collateral review. Accordingly, the district court did not abuse its discretion in denying, for want of exhaustion, Appellant's petition for a writ of habeas corpus. See United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982).

We deny a certificate of appealability and dismiss as untimely the appeal from the district court's April 9, 1997 order. We deny a certificate of appealability and dismiss the district court's May 19, 1997, order denying Appellant's Motion for Revision and his Motion for Injunctive Relief. We deny Appellant's motion in this court to supplement the record on appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3