**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIE ASSA'AD-FALTAS,
Plaintiff-Appellant,

v.

U.S. IMMIGRATION & NATURALIZATION

No. 97-1006

SERVICE; THOMAS P. FISCHER,
Atlanta District Director INS;
OTHER INS EMPLOYEES, in both of
their capacities,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-96-180-3-19)

Submitted: May 29, 1998

Decided: July 1, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Marie Assa'ad-Faltas, Appellant Pro Se. Frances Cornelia Trapp,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina; Leah Loebl, Karen Fletcher Torstenson, Philemina McNeill

Jones, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dr. Marie Therese Assa'ad-Faltas appeals the district court's orders in this action following her motion for voluntary dismissal pursuant to Fed. R. App. P. 41(a). We affirm in part and dismiss in part.

To the extent Assa'ad-Faltas appeals the district court's September 27, 1996, order granting the motion to voluntarily dismiss, and the October 11, 1996, order granting in part and denying in part the Defendants' motion for reconsideration, we find that the notice of appeal, which was filed on December 20, 1996, was untimely. See Fed. R. App. P. 4(a)(1). Accordingly, we do not have jurisdiction to review these orders, and we grant Defendants' motion to dismiss the appeal as it pertains to these orders.

Assa'ad-Faltas's notice of appeal is timely as to the district court's October 31, 1996, denial of her motion for reconsideration, and the court's November 21, 1996, denial of her request to reopen. However, Assa'ad-Faltas identified no factual or legal error upon which reconsideration or reopening could be granted. Because reconsideration is not warranted when the movant is simply asking the court to "change its mind," the district court did not abuse its discretion in denying these motions. See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982). Accordingly, although we deny the motion to dismiss the appeal as to these orders, we affirm the district court's rulings.

Assa'ad-Faltas requests that she be granted mandamus relief in the form of an order permitting her to withdraw her motion for voluntary

2

dismissal if this court concludes that her appeal is not from a final order. However, we have not concluded that the orders appealed from are not appealable orders. Further, mandamus relief is only available when the petitioner has a clear right to the relief requested and there are no other means by which to seek the requested relief. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Because Assa'ad-Faltas does not have a clear right to withdraw her motion for voluntary dismissal, and because she may refile her action in the district court, she is not entitled to mandamus relief, and we deny her motion for such relief.

Finally, Assa'ad-Faltas has filed a Motion for the Honorable Clerk of this Court to Admonish Counsel not to Make Statements that Undermine Public Confidence in the Integrity of the Judiciary. Assa'ad-Faltas asserts that counsel presumed to speak for the court when stating that the Defendants were confident that the appeal would be summarily dismissed. This statement, a mere guess about the outcome of the litigation, is in no way improper. Accordingly, we deny this motion.

Because the facts and legal contentions are adequately presented in the materials before the court, we dispense with oral argument.

AFFIRMED IN PART, DISMISSED IN PART

3