**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

VIRGINIA AMERICAN MANAGEMENT
COMPANY; CAROL STEWART,                    No. 98-1278
<u>Claimants-Appellants,</u>

and

MARK CORRIGAN,
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-96-128-H)

Submitted: October 30, 1998

Decided: November 30, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Smallenberg, AYERS & STOLTE, Richmond, Virginia,
for Appellants. Janice McKenzie Cole, United States Attorney, Anne

M. Hayes, Assistant United States Attorney, Stephen A. West, Assistant United States Attorney, Kelly Raynetta Thompson, Third-Year Law Student, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carol Stewart and Virginia American Management Co. (collectively, "Claimants"), appeal from the district court's orders entering a final order of forfeiture and denying their motion filed under Fed. R. Civ. P. 59(e). Following a guilty plea by Mark Corrigan and a special verdict finding Corrigan's property forfeitable under 18 U.S.C.A. § 982 (West 1994 & Supp. 1998), the district court entered a preliminary order of forfeiture.[1] Pursuant to 21 U.S.C.A. § 853(n)(1) (West Supp. 1998), the Government published notice of the order and its intent to dispose of the property. Claimants, contending that they were the actual owners or had an ownership interest in property subject to this order, filed a petition seeking to adjudicate their interests under 21 U.S.C.A. § 853(n)(2). Following Claimants' failure to comply with an order compelling discovery, the district court struck their petition and entered a final order of forfeiture. On appeal, Claimants assert that the district court (1) abused its discretion in striking their petition to adjudicate their interests in property subject to criminal forfeiture based on their noncompliance with the court's order compelling discovery and in denying their motion for reconsideration; (2) violated their due process rights by entering a final order of forfeiture without a hearing; and (3) erred in forfeiting real and personal property in which they held a property interest. Finding no reversible error, we affirm.

_____

[1] This order was later amended to substitute subsequently discovered assets under 21 U.S.C.A. § 853(p) (West Supp. 1998).

2

Claimants first assert that striking their petition to adjudicate their rights in the subject property was too harsh a sanction because they did not act in bad faith. Claimants contend that counsel was unaware that the district court compelled them to comply with discovery. They also assert that the documents requested were not easily accessible.

We review the district court's decision to dismiss an action for failure to comply with discovery for an abuse of discretion. See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc. , 872 F.2d 88, 92 (4th Cir. 1989) (stating standard of review). We find no abuse of discretion here. Although Claimants contend that counsel was unaware of the court's order, we find that the record suggests otherwise. Claimants requested two extensions of time from the Government to file the discovery materials, one of which was in response to a letter from the Government informing them that if they did not comply the Government would file a motion to compel. When Claimants did not respond, the district court entered its order compelling Claimants to comply and warned them that if they failed to comply, their petition would be stricken and the property forfeited. Moreover, there is no evidence in the record that either local or out-of-state counsel kept the Government or the district court abreast of the alleged difficulties Claimants had in obtaining the requested discovery materials in the nearly two months that passed before the Government sought a final order of forfeiture based on Claimants' noncompliance with discovery. See id. (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-06 (4th Cir. 1977)) (outlining factors court must consider in dismissing action for noncompliance with discovery). **2** We therefore find that the district court properly struck Claimants' petition and entered the final order of forfeiture.

Claimants also challenge on appeal the district court's order denying their motion for reconsideration. Although the district court considered Claimants' motion as one filed under Fed. R. Civ. P. 59(e), it should have been construed as one filed under Fed. R. Civ. P. 60(b), because the motion was filed more than ten days after entry of judgment. See Fed. R. Civ. P. 59(e), 60; CNF Constructors, Inc. v. Dono-

_____

**2** Although Claimants only addressed one factor in their brief, whether the noncomplying party acted in bad faith, we find that the remaining factors weigh against them as well.

3

hor Constr. Co., 57 F.3d 395, 400 (4th Cir. 1995). Where the motion seeks "reconsideration of legal issues already addressed in an earlier ruling, the motion `is not authorized by Rule 60(b),'" and rejection of the motion is not an abuse of discretion. CNF Constructors, Inc., 57 F.3d at 401 & n.2 (quoting United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)). Because Claimants' motion sought reconsideration of the district court's previous legal determination that Claimants' pleading should be stricken because of noncompliance with discovery, we find that the court did not abuse its discretion in denying relief. See Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997) (stating standard of review).

Finally, Claimants assert on appeal that their due process rights were violated because they did not receive a hearing before the property was forfeited and that the court erred in forfeiting property owned by them rather than the criminal defendant named in the final order of forfeiture. These claims also fail. Had Claimants complied with the Government's discovery requests and the district court's motion to compel, Claimants would have had the opportunity to litigate the ownership of the property at a hearing.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4