**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-6227

PAUL ADKINS, JR.,

Petitioner - Appellant,

versus

NORTH CAROLINA ATTORNEY GENERAL; MICHAEL F.
EASLEY; STATE OF NORTH CAROLINA,

Respondents - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CA-98-00681-1)

Submitted:  June 15, 2000           Decided:  June 22, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Paul Adkins, Jr., Appellant Pro Se.  Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paul Adkins, Jr. seeks to appeal the district court's order dismissing his 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000) petition as untimely and denying his Fed. R. Civ. P. 60(b) motion for reconsideration. We dismiss the appeal of the denial of the § 2254 petition for lack of jurisdiction, because Adkins' notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 4, 1999. Adkins' notice of appeal was filed on October 2, 1999.[*] Because Adkins failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

Adkins also appeals the denial of his motion for reconsideration. However, a Rule 60(b) motion is not a substitute for appeal. Because the motion merely requested the district court to reconsider a legal issue, relief was not authorized. See <u>United States v. Williams</u>, 674 F.2d 310, 312 (4th Cir. 1982). Accordingly, we deny a certificate of appealability and dismiss the appeal of this order as well. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>