**Charles K.B. TYSON, Plaintiff,**

v.

**Jon E. OZMINT, Director, South Carolina Department of Corrections, Defendant.**

**C.A. No. 6:06–385–PMD–WMC.**

United States District Court, D. South Carolina.

June 22, 2007.

Charles K.B. Tyson, Bennettsville, SC, pro se.

Charles Bridgmon, Hanna Stokes Green, Ruskin C. Foster, McCutchen Blanton Johnson and Barnette, Columbia, SC, for Defendant.

## *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon *pro se* Plaintiff Charles Tyson's ("Plaintiff" or "Tyson") motion for relief from judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the court denies Plaintiff's motion.

## BACKGROUND

On February 10, 2006, Plaintiff filed the present action against Defendant Jon E. Ozmint ("Defendant" or "Ozmint") pursuant to 42 U.S.C. § 1983, claiming that Defendant violated and is violating his Eighth Amendment right against cruel and unusual punishment by subjecting Plaintiff to environmental tobacco smoke ("ETS"). Plaintiff also moved for a temporary restraining order ("TRO"), seeking an order stopping the sale of all smoking tobacco and cigarettes to prisoners at Evans Correctional Institution and any other South Carolina Department of Corrections ("SCDC") prison where he might be incarcerated. In the alternative, he sought a transfer to the prison infirmary or to a no-smoking prison.

█ In an Order dated October 30, 2006, the court found that Plaintiff was unlikely to succeed on the merits of his case because (1) he did not provide evidence in support of his claim of unconstitutional condition of confinement[1] and (2) Plaintiff failed to resubmit his inmate grievance in proper form therefore he did not exhaust his administrative remedies. (Order Denying TRO at 3, 6). Accordingly, the court denied Plaintiff's request for a TRO.

█ On March 1, 2007, the court also dismissed Plaintiff's underlying § 1983 cause of action, finding that Plaintiff had failed to exhaust his administrative remedies. On March 29, 2007, Plaintiff appealed this decision to the United States Court of Appeal for the Fourth Circuit.[2] On April 27, 2007, Plaintiff filed this Rule 60(b)(3) motion to set aside the judgments of October 30, 2006 and March 1, 2007.

## STANDARD OF REVIEW

Rule 60(b)(3) states, in relevant part, that a court may relieve a party from a final judgment or order for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). In *Schultz v. Butcher*, the Fourth Circuit held that a moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d 626, 630 (4th Cir.1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir.1981)).

█ Even where a moving party satisfies the *Schultz* three prong test, a district court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id.* Furthermore, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir.1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."). In considering a motion under Rule 60(b)(3), a district court retains the discretion to discern whether a moving party's allegations of unfair judgment

---

1. Specifically, the court found Plaintiff failed to provide evidence to prove either the subjective or objective elements required by *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), the standard for ETS exposure that must be met in order to state a cognizable cause of action under Eighth Amendment jurisprudence. *Helling's* two-prong test requires the successful plaintiff to establish (1) " 'that he himself is being exposed to unreasonably high levels of ETS ... so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk' and (2) that the defendant is deliberately indifferent to his exposure to this risk." (Order Denying TRO at 8 (citing *Helling*, 509 U.S. 25 at 32, 35–36, 113 S.Ct. 2475, 125 L.Ed.2d 22).)

2. Plaintiff's pending appeal does not divest this court of its jurisdiction to consider this Rule 60(b) motion. The Fourth Circuit, in *Fobian v. Storage Tech. Corp.*, recognized that "litigants who seek Rule 60(b) relief typically cannot wait until an appeal has been concluded to request such relief because the period during which the case is on appeal counts toward determining whether a Rule 60(b) motion is timely filed." 164 F.3d 887, 888 (4th Cir.1999). Accordingly, litigants may file a Rule 60(b) motion even while an appeal is pending. *Id.*

are more properly classified as requests that the district court merely "change its mind." Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. *Schultz,* 24 F.3d at 630.

## DISCUSSION

Plaintiff brings this Rule 60(b)(3) motion and accompanying affidavit alleging that Defendants committed several acts of fraud which influenced the court's final decision in both the October 30, 2006 and March 1, 2007 Orders. Plaintiff makes three specific allegations of fraud:

(1) "Defendants and his agent(s) at the prison level removed two pages from [Plaintiff's prison] grievance." (Tyson Aff. at 3.) Plaintiff maintains that Defendants' actions in sabotaging or subverting the grievance process led the district court to wrongfully determine that Plaintiff did not comply with proper inmate grievance procedure and has not exhausted his administrative remedies. Plaintiff alleges that Defendants' submission of this grievance form as Exhibit A (an attachment to Defendants' August 25, 2006 motion to dismiss Plaintiff's request for a TRO) constitutes yet another instance of "fraud." (Id. at 13.)

(2) Plaintiff alleges that the October 9, 2006 affidavit of Willie Eagleton falsely states that the facility addressed and remedied Plaintiff's unwilling exposure to ETS. (Id. at 10.) According to Plaintiff, Defendants "deliberately and intentionally withheld this Affidavit from Plaintiff, because critical portions of it is (sic) pure fabrication, misrepresentation, perjury or other misconduct." (Id. at 4.)

(3) Plaintiff also claims the "Cell Assignment Form," produced in support of Defendants' motion to dismiss Plaintiff's request for a TRO, is factually inaccurate. The "Cell Assignment Form" undermines Plaintiff's claim that Defendants were "deliberately indifferent," as required by *Hell-*

---

*ing.* Plaintiff provides new exhibits,[3] never before presented to this court, which he asserts prove that Defendants intended "to swindle, cheat and defraud the court into believing that the Defendant wasn't deliberately indifferent to Plaintiff safty (sic), medical or health." (Id. at 7.)

For the following reasons, none of these allegations of fraud can support a Rule 60(b)(3) motion:

■ First, the court notes that Plaintiff's assertion that prison officials removed two pages from his initial grievance form was already asserted by Plaintiff in his Objections to the R & R. (Tyson Aff. at 10; Objections at 3–4.) Although Plaintiff posits this argument as a instance of fraud on the court meriting relief under Rule 60(b)(3), Plaintiff is in fact asking this court to revisit a question of fact already presented and considered by the court. Accordingly, this court finds that Plaintiff's Rule 60(b)(3) motion is, with respect to this first specific allegation of "fraud," merely a request that the court "change its mind" regarding its finding that Plaintiff failed to exhaust his remedies. This attempted use of Rule 60(b)(3) is impermissible. *See Schultz,* 24 F.3d at 631 ("Rule 60(b)(3) focuses not on erroneous judgments as such, but on judgments which were unfairly procured."). Because the court has already considered and rejected the allegation that prison officials removed two pages from Plaintiff's initial grievance form, this allegation does not state a grounds for relief under Rule 60(b)(3).

■ Plaintiff has also presented no "clear and convincing evidence" in support of his allegations that Willie Eagleton's affidavit and the "Cell Assignment Form" are fraudulent and fabricated evidence. *See Square Const. Co.,* 657 F.2d at 71. Plaintiff's general and conclusory allegations of perjured testimony, without any supporting evidence, are not sufficient to meet the "clear and convincing" test articulated in *Square Construction* and adopted by the Fourth Circuit in *Schultz.* A "deliberately planned and care-

---

**3.** Plaintiff has diligently photocopied the envelopes of mail he received while living in a certain cell. The court has difficulty discerning the relevance of where Plaintiff lived in the prison to Defendants' purported fraud on the court.

fully executed scheme to defraud," if proven, would certainly provide the district court one avenue for vacating the original judgment. *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). But unsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3). *Harris v. Mapp*, 719 F.Supp. 1317, 1328 (E.D.Va.1989); *see also Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, 827 F.2d 984 (4th Cir.1987) (routine evidentiary conflict does not justify serious allegations of attorney misconduct).

■ Moreover, before a court in this circuit will reopen a judgment, the evidence alleged to be fraudulent presented to the court must "go to the heart of the issue." *Harris*, 719 F.Supp. at 1324 (citing *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 832 (7th Cir.1985)). Although the court denied Plaintiff's motion for TRO, in part, because Plaintiff failed to meet the two-prong test of *Helling*, more fundamentally, the court dismissed Plaintiff's underlying § 1983 action for failure to exhaust his administrative remedies. As such, the court did not rely on either Willie Eagleton's affidavit or the "Cell Assignment Form" in reaching its decision; therefore, Plaintiff's allegation that this evidence is fraudulent does not "go to the heart of the issue" in this case.

■ Finally, Plaintiff has not shown that the alleged misconduct, even if proven, denied Plaintiff the opportunity to present his claim "fully and fairly." The record suggests Plaintiff was aware of the essential information presented by Willie Eagleton's affidavit and the "Cell Assignment Form" well before the district court crafted its final order. The Magistrate Judge's R & R cited Willie Eagleton's affidavit as early as October 30, 2006; the "Cell Assignment Form" was attached to Defendant's Motion in Opposition to the TRO on August 25, 2006 and to their Motion to Dismiss Plaintiff's underlying 42 U.S.C. § 1983 action. In *Tunnell v. Ford Motor Co.*, a district court held that a movant's advance notice of an adverse party's spurious legal claims may bring into question the movant's subsequent allegations of Rule 60(b)(3) misconduct. 2006 WL 1788233 at *4 (W.D.Va. June 26, 2006). This is so, the court reasoned, because such advance warning questions "whether any misconduct by Defendant actually precluded Plaintiff's presentation of his case." *Id.* This reasoning applies even in cases of deliberate fraud: "Just because Defendant's misconduct was knowing or deliberate, he is not therefore entitled to relief absent a showing that it precluded him from fairly and fully presenting his case." *Id.* This reasoning is also consistent with language of *Great Coastal Exp., Inc. v. Int'l Broth. of Teamsters*, 675 F.2d 1349, 1357 (4th Cir.1982) ("Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible."). While *Great Coastal* addressed fabricated evidence in the context of an actual trial, this court applies the same reasoning to the case before it. Plaintiffs who have advance knowledge that evidence has been produced and which they consciously disregard cannot later claim fraud under Rule 60(b)(3) in an attempt to relitigate the questions of fact relating to those pieces of evidence. *See Tunnell*, 2006 WL 1788233 at *4. Because Plaintiff could have addressed the allegedly fraudulent evidence prior to the issuance of the court's Order, Plaintiff has not shown that he was denied the opportunity to fully and fairly present his claim.

For the foregoing reasons, the court finds Plaintiff's Rule 60(b)(3) motion regarding allegations of fraud and fabricated evidence necessarily fails the test set forth in *Square Construction* and confirmed in *Schultz*.

### CONCLUSION

It is therefore **ORDERED** that Plaintiff Charles K.B. Tyson's motion for relief from judgment pursuant to Rule 60(b)(3) is hereby **DENIED**.

**AND IT IS SO ORDERED.**