**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SLADE MILLER,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 97-7073

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Richard L. Williams, Senior District Judge.
(CR-89-196-A, CA-97-676-AM)

Submitted: July 31, 1998

Decided: August 28, 1998

Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Slade Miller, Appellant Pro Se. William Neil Hammerstrom, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant seeks to appeal the district court's orders denying his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion and denying his motion for reconsideration. To the extent that Appellant seeks to appeal the denial of his § 2255 motion, his notice of appeal is untimely, and we dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (citing United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions, when the United States is a party, have sixty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order denying Appellant's motion under 28 U.S.C.A. § 2255 on May 12, 1997; Appellant's notice of appeal was filed on July 14, 1997,* which is beyond the sixty-day appeal period. Appellant's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore deny a certificate of appealability and dismiss the appeal.

Regarding Appellant's appeal of the district court's order denying his motion to reconsider, under Fed. R. Civ. P. 60(b), we do not find the district court abused its discretion. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995); United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982). Accordingly, we dismiss the appeal of the district court's order denying Appellant's motion to reconsider under Rule 60(b). We deny Appellant's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

_____

*The notice was actually filed on July 18 but we have given Appellant the benefit of the Supreme Court's decision in Houston v. Lack, 487 U.S. 266 (1988).

2

als before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3