UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HEATHMOUNT A.E. CORPORATION, a
Canadian corporation,
      *Plaintiff-Appellee,*

v.

TECHNODOME.COM, an Internet
domain name;
DESTINATIONTECHNODOME.COM, an
Internet domain name,
      *Defendants-Appellants,*

UNITED STATES OF AMERICA,
      *Intervenor.*

NETWORK SOLUTIONS, INCORPORATED,
      *Amicus Curiae.*

No. 01-1153

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-00-714-A)

Argued: December 6, 2001

Decided: January 10, 2002

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Eric Christopher Grimm, CYBERBRIEF, P.L.C., Ann
Arbor, Michigan, for Appellants. Alisa Beth Klein, Appellate Staff,

Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. Philip Louis Sbarbaro, NETWORK SOLUTIONS, INC., Dulles, Virginia, for Amicus Curiae. **ON BRIEF:** Cindy Cohn, ELECTRONIC FRONTIER FOUNDATION, San Francisco, California, for Appellants. Stuart E. Schiffer, Acting Assistant Attorney General, Kenneth Melson, United States Attorney, Mark B. Stern, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Intervenor. Brian A. Davis, NETWORK SOLUTIONS, INC., Dulles, Virginia; Timothy B. Hyland, LEFFLER & HYLAND, P.C., Fairfax, Virginia, for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Heathmount A. E. Corp. brought this *in rem* action against two domain names, Technodome.com and Destinationtechnodome.com, pursuant to the Anticybersquatting Consumer Protection Act of 1995, 15 U.S.C.A. § 1125(d) (West Supp. 2001).

Heathmount, a Canadian corporation, alleged that beginning in 1997 it used "Technodome" and "Destination: Technodome" as trademarks and service-marks. Heathmount further alleged that in June 1998, Elliott Salmons, a Canadian resident, registered the two domain names in Virginia with Network Solutions, Inc., "in bad faith in an attempt to profit from use of Plaintiff's marks either to extort money from Heathmount or for sale to potential users which wish to take advantage of Heathmount's trademarks." Prior to filing an answer, the defendant domain names moved to dismiss, *inter alia*, on jurisdictional and constitutional grounds. The district court denied the motion to dismiss and certified the case for interlocutory appeal; we then granted permission to appeal.

Subsequently, Heathmount moved to dismiss the appeal as moot, representing that it had abandoned the trademarks that formed the basis for its suit. Prior to oral argument or full briefing, a panel of this court denied that motion. However, that ruling does not bind us. *See CNF Constr., Inc. v. Donohue Constr. Co.*, 57 F.3d 395, 397 n.1 (4th Cir. 1995).

We have now had the benefit of full briefing and oral argument, in which Heathmount did not participate but in which the United States, as intervernor, did. We have been informed by the United States, without contradiction from the appellants, that Heathmount has already filed a motion in the district court to dismiss its complaint, pursuant to Fed. R. Civ. P. 41(a)(1). Upon remand, Rule 41 requires the district court to dismiss the complaint because Heathmount filed its motion to dismiss before the domain names filed an answer to the complaint. For these reasons, the appeal is moot, and so is

*DISMISSED.*