## CNF CONSTRUCTORS, INCORPORATED, Plaintiff–Appellee,

v.

## DONOHOE CONSTRUCTION COMPANY, a Division of the Donohoe Companies, Incorporated, Defendant–Appellant.

### No. 94–1609.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1994.

Decided June 13, 1995.

11. In view of our decision as to the Contract Clause claim, we need not reach the PSC's alternative arguments.

**ARGUED:** Perry Renfrow Safran, Safran Law Offices, Raleigh, NC, for appellant. George D. Wenick, Smith & Fleming, Atlanta, GA, for appellee. **ON BRIEF:** William H. Gammon, Moore & Van Allen, P.L.L.C., Raleigh, NC, for appellee.

Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and CURRIE, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by published per curiam opinion.

## OPINION

PER CURIAM:

Donohoe Construction Company (Donohoe) appeals from a district court ruling that arbitration of a construction contract dispute between Donohoe and CNF Constructors, Inc., (CNF), must take place pursuant to the rules and procedures of the American Arbitration Association (AAA). For the reasons that follow, we conclude that Donohoe's motion for clarification, upon which the district court ruled and Donohoe appeals, is best characterized as a motion for reconsideration of a final judgment under Fed.R.Civ.P. 60(b). Although we express a number of difficulties with the manner in which the district court resolved the motions before it, we nevertheless affirm the denial of Donohoe's motion for clarification.

### I.

This lawsuit centers around the construction of a new Human Studies facility at the University of North Carolina at Chapel Hill. The State of North Carolina, the owner of the facility to be constructed, hired Donohoe as the primary contractor for the site. Donohoe, in turn, entered into a subcontract with CNF, under which CNF would perform the mechanical work on the project, such as plumbing and process piping. As the project proceeded, the construction crews encountered unexpected site conditions and problems with installation of the building's caissons, which substantially delayed the project schedule. The parties essentially dispute who should be held financially responsible for the increased costs arising from the construction delays.

On March 22, 1993, CNF instigated this action in federal court by filing a motion to compel arbitration under the Federal Arbitration Act pursuant to 9 U.S.C. § 4 (1988), and to appoint an arbitrator pursuant to 9 U.S.C. § 5 (1988). Donohoe responded by filing a motion to dismiss and a motion to strike, essentially arguing that the contract entered into by the parties did not provide for arbitration.

The district court issued two orders that are relevant to this appeal. In the first

order, issued on November 4, 1993, the district court stated it was considering all of the motions filed by both parties. After detailing the negotiation process leading up to the construction contract between the parties, the district court held that the contract bound the parties to arbitrate their dispute. Accordingly, the district court granted CNF's motion to compel arbitration and denied Donohoe's motions to strike and dismiss. Although the district court specifically stated at the beginning of its order that it was addressing CNF's motion to appoint an arbitrator, it did not specify whether it was granting or denying the motion at the conclusion of the order. That same day the Clerk of the Court administratively closed the case.

On January 20, 1994, over two months after the district court issued the order compelling arbitration, Donohoe filed a "Motion for Clarification of Judge Boyle's Order Granting CNF's Motion to Compel Arbitration." According to the motion, the American Arbitration Association interpreted the district court's November 4th order as providing the organization with the authority to conduct the arbitration and, more specifically, to compel Donohoe to attend AAA hearings in Atlanta, Georgia. In its motion for clarification, Donohoe requested that the district court (1) direct CNF to dismiss the action pending before AAA, (2) find that the arbitration was to take place at or near Raleigh, North Carolina, and (3) appoint an arbitrator pursuant to 9 U.S.C. § 5. CNF responded that the district court lacked authority to reconsider its prior order because the motion for clarification was not filed within ten days of the entry of the order, as required by Fed.R.Civ.P. 59(e). Furthermore, CNF maintained that the district court's November 4th order clearly established that AAA was to conduct the arbitra-

tion and that there was no need to revisit the issue months later.

In its second order, entered on April 6, 1994, the district court addressed the issues raised in Donohoe's motion for clarification. Without touching upon the jurisdictional basis for addressing the motion, the district court essentially ruled that it had already decided in its first order that the parties were bound under their contract to arbitrate their dispute and that the arbitration was to proceed according to the rules of AAA. The district court concluded its order not by denying the motion for clarification, but instead by stating that "the court orders that its November 4, 1993, order be enforced and arbitration [ ] continue pursuant to the AAA." (J.A. 240.)

Donohoe timely appealed to this Court from the district court's second order.

## II.

On appeal, Donohoe asks this Court to reverse the district court's second order, entered April 6, 1994, disposing of Donohoe's motion for clarification. Specifically, Donohoe asks that we (1) order CNF to dismiss the arbitration proceedings before AAA, (2) order that the arbitration take place within the Eastern District of North Carolina, and (3) appoint an arbitrator to resolve the arbitration. Donohoe's appeal raises interesting and difficult questions as to the procedural intricacies surrounding the arbitration process, as well as to the jurisdictional powers of the district court and this Court to resolve those intricacies.

■ Before we can consider Donohoe's requests on their merits, however, we must determine the extent of our own appellate jurisdiction to review the district court's two orders in this case.[1] Although the lack of

1. As an initial matter, *Donohoe* argues that this Court is estopped from considering the jurisdictional issues in this case because a panel of this Court previously denied a motion to dismiss the appeal for lack of jurisdiction. We disagree and hold, in accordance with all other Circuits that have considered the issue, that the doctrine of "law of the case" does not prevent this Court from revisiting a prior ruling of a motion panel on the Court's jurisdiction. *Johnson v. Burken,*

930 F.2d 1202, 1205 (7th Cir.1991); *United States v. Houser,* 804 F.2d 565, 567–69 (9th Cir. 1986); *EEOC v. Neches Butane Products Co.,* 704 F.2d 144, 147 (5th Cir.1983). As the Ninth Circuit detailed in *Houser,* the following grounds support our conclusion: (1) the law of the case doctrine is discretionary and not mandatory; (2) practical realities dictate that a preliminary motion to dismiss before a motion panel is often without the benefit of full briefing and oral argu-

clarity in the district court's orders makes our analysis somewhat more complex, we will still proceed through a step-by-step jurisdictional analysis of the two orders. First, we will look to whether the district court's initial order, entered on November 4, 1993, was an appealable final order. The importance of whether this initial order was final should not be underestimated. On one hand, if the November 4th order was a final order, then we can only review the district court's second order on Donohoe's motion for clarification if it was a proper post-judgment motion. On the other hand, if we conclude that the first order was not a final order, then we must consider whether the second order on the motion for clarification constitutes a final order over which we have jurisdiction.

Second, because we conclude that the first order was a final order susceptible to appeal, we look to whether Donohoe's motion for clarification, from which the second order was issued, was a proper postjudgment motion over which the district court had jurisdiction. As to this portion of the appeal, we conclude that the district court did not abuse its discretion in ruling on the motion for clarification, although we resolve this issue, in large part, upon different grounds than those offered by the district court.

### A.

The Federal Arbitration Act (the FAA) specifically explains the circumstances under which a party may appeal a district court order compelling arbitration. 9 U.S.C.A. § 16 (Supp.1994). Under § 16(b)(2), a party has no right to appeal an interlocutory order "directing arbitration to proceed under section 4 of this title." And yet, § 16(a)(3) contains an exception to the non-appealability of orders compelling arbitration, under which a party may appeal "a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3).

In recent years, we have repeatedly considered what types of orders are "final" for the purposes of § 16(a)(3). *American Casualty Co. of Reading, Pa. v. L–J, Inc.*, 35 F.3d 133, 135–139 (4th Cir.1994); *Humphrey v. Prudential Securities, Inc.*, 4 F.3d 313, 315–319 (4th Cir.1993); *Delta Financial Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 304–305 (4th Cir.1992); *Stedor Enterprises, Ltd. v. Armtex, Inc.*, 947 F.2d 727, 730–32 (4th Cir.1991); *Jeske v. Brooks*, 875 F.2d 71, 73 (4th Cir.1989). Through these cases, we have defined an order compelling arbitration as "final" where the sole or isolated issue presented to the district court is the arbitrability of the dispute. *Humphrey*, 4 F.3d at 317. Conversely, where the "issue of arbitrability originated as part of an action raising other claims for relief," it is considered to be an "embedded proceeding" that is not appealable under § 16(a)(3). *American Casualty*, 35 F.3d at 136.

In *Stedor Enterprises*, two textile companies entered into a series of contracts for the sale of textile piece goods. The contracts contained clauses providing for arbitration of any controversies or claims relating to the purchase of the goods. A dispute arose over a shipment of fabric under one of the contracts. However, the purchaser of the fabric never signed or returned the confirmation in which the arbitration clause was contained. The seller served the purchaser with a notice of intent to arbitrate the dispute. The purchaser responded by filing suit, and subsequently removed the case to federal court, seeking temporary and permanent injunctive relief from having to proceed with arbitration. The seller responded by seeking an order compelling arbitration pursuant to 9 U.S.C. § 4. The district court dismissed the purchaser's complaint and granted the buyer's motion to compel arbitration. On appeal, we held that appellate jurisdiction existed under the circumstances because the suit involved the sole issue of arbitrability under the contract. 947 F.2d at 731–32.

 We find that the circumstances underlying the *Stedor* decision are closely analogous to this case, and conclude that the district court's November 4th order constitutes an appealable final order for the pur-

---

ment, lessening the possibility of fully presenting the jurisdictional arguments to the court; and (3) it is our duty to dismiss an appeal whenever it becomes apparent that we lack jurisdiction to hear the matter. *Houser,* 804 F.2d at 568–69.

poses of the Act. The district court in this case was confronted, by the plain terms of the complaint, with the sole issue whether the dispute over the performance of the construction contract was arbitrable. CNF requested the district court to do two things: (1) issue an order compelling arbitration, and (2) appoint a mediator to conduct that arbitration. As these issues are intertwined in determining the arbitrability of the contract dispute, the circumstances presented here involve a straightforward application of the reasoning in *Stedor.*

■ Donohoe argues, however, that the otherwise final order rendered by the district court is not appealable because the district court failed to rule on CNF's motion to appoint an arbitrator. Although the district court's November 4th order was not as clear as it could have been, we find that it did resolve the issue of appointing a mediator. A review of the manner in which the district court addressed the issue of compelling arbitration reveals that the district court, at least implicitly, ruled on (and denied) the motion to appoint an arbitrator.

The district court described the negotiation process by which the parties determined whether to arbitrate disputes over contract performance. The process consisted of three exchanges of proposed contracts between the parties. First, Donohoe submitted its form contract for construction projects, including the following portion concerning arbitration:

> 5.21 Any disputes arising hereunder as to the respective rights or obligations of the parties (excluding matters committed to the sole judgment of the Contractor under subparagraph 5.6) hereto shall be referred to the Architect and his decision shall be binding on both parties.

(J.A. 11.) Then, on September 18, 1991, CNF responded to this with the following proposal:

> Article 5.21, modify to read as follows:
> Any disputes arising hereunder as to the respective rights or obligations of the parties (excluding matters committed to the reasonable judgment of the Contractor under subparagraph 5.6) hereto shall be determined by arbitration pursuant to the

Construction Industry Arbitration Rules of the American Arbitration Association.

(J.A. 169.) Finally, on September 20, 1991, Donohoe provided a final proposal:

> Article 5.21, delete in entirety.
> The following comments are related to ATTACHMENT "A" of the Subcontractor. Relative plans & spec first to Architect. Performance or other contractual items first to Arbitration.

(J.A. 169.) After reciting the proposals, the district court found that CNF accepted the final Donohoe proposal and Donohoe prepared the revised contract between the parties. (J.A. 169.)

The district court, however, further discussed its interpretation of the negotiation process. In particular, the district court reasoned:

> After reviewing the contested facts regarding the formation of the subcontract, this court finds that Donohoe and CNF had agreed upon an arbitration clause within their contract. Donohoe made the initial offer when it presented CNF with Article 5.12 of its standard form for CNF's consideration. CNF modified this when it proposed an arbitration clause.
>
> [On September 20, 1991,] Donohoe then countered with a *composite proposal* that incorporated both a referral of some disputes to the architect and others to arbitration. Disputes having to do with the plans and specifications were to go first to the architect, as originally proposed in the standard form agreement. *Disputes having to do with contract performance and other contract matters were to be sent directly to arbitration as provided by the arbitration clause originally submitted by CNF as Article 5.21, in reply to the proposed standard subcontract form.*

(J.A. 170.) (emphases added). The district court reiterated this final point when it stated that the parties reached agreement on the resolution of contract performance disputes and that the agreement included the "counteroffer-modification proposal including the arbitration clause." (J.A. 171.)

The extended interpretation of the negotiation process offered by the district court

leads to but one conclusion: the district court held that the parties adopted a "composite proposal" as to the arbitration of contract performance disputes under which CNF's proposal, with its reference to AAA rules, would govern contract performance disputes. Although the district court did not state this holding in a single sentence, the holding was accessible to Donohoe from a straightforward reading of the order. Having established in its order that the arbitration was to take place under AAA rules (which specifically provide for the appointment of a mediator), the district court did not have to discuss further the formal request to appoint a mediator in the case—although it would have been preferable for the district court to have made that clear. In short, the November 4th order resolved all the pending motions presented to the district court.

Accordingly, having rejected Donohoe's argument that the district court failed to address all the issues presented in the parties' initial motions, we return to the fundamental point that the district court's November 4th order was final for the purposes of the FAA. As a final order, Donohoe could have taken a direct appeal of that order to this Court, as provided by Fed.R.App.P. 4(a)(1):

> [I]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 [Fed.R.App.P.] must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . .

Fed.R.App.P. 4(a)(1). Donohoe chose not to appeal that first order from the district court. Therefore, we move to the district court's second order on Donohoe's motion for clarification.

### B.

■ Our conclusion that the district court's first order was final for the purposes of the FAA directly affects the manner in which we consider the appealability of the district court's second order. Once a final judgment has been rendered by a district court, we have stated that "[i]n cases where a party [subsequently] submits a motion . . .

which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." *In re Burnley*, 988 F.2d 1, 2 (4th Cir.1992). Donohoe's motion for clarification, which was filed nearly two months after the district court's final order, clearly does not fall within the scope of Rule 59(e), which contains a strict time constraint for filing such a motion: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e). Accordingly, if Donohoe is to have any hope of having the motion for clarification reviewed by this Court (or for the district court to have had proper jurisdiction over the motion in the first place), it must turn to Rule 60(b) for a jurisdictional basis.

"To the extent that the post-judgment motion sought to have the district court reconsider its ruling with respect to the [issues addressed in the district court's original order], it [is] clearly improper, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir.1982). CNF maintains that Donohoe's motion for clarification is such a post-judgment motion not authorized under Rule 60(b) and *Williams*.

We agree with CNF, in large part, and conclude that a substantial portion of Donohoe's motion simply reiterates legal arguments already addressed in the district court's first order. On appeal, Donohoe requests, in part, that we reverse and remand to the district court, with orders to (1) direct CNF to dismiss the action before AAA and (2) appoint an arbitrator pursuant to 9 U.S.C. § 5. As we have already discussed in concluding that the district court's first order was final under the FAA, the district court addressed these two issues in some detail. In its motion for clarification, Donohoe was essentially asking the district court to reconsider its earlier holding that CNF's "composite" proposal was the binding provision for purposes of the arbitration of contract performance disputes, and thus cannot be ad-

dressed under Rule 60(b). *Williams*, 674 F.2d at 312.

Our conclusion that Donohoe simply asked the district court to reconsider what it had already resolved raises an interesting question concerning the standard of review we are to apply under Rule 60(b) to such issues. "The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion." *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir.1984). The level of review by this court, however, becomes even more deferential where the review of the Rule 60(b) motion concerns simply matters already addressed in the final order of the district court. As we made clear in *Williams*, where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion "is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313. Therefore, it follows—without further discussion—that the post-judgment motion was "properly rejected by the district court." *Id.; see also Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir.1962) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under that Rule."); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 (1973 & Supp.1994) (collecting cases).[2] Accordingly, because these arguments do not properly fall under Rule 60(b), we affirm the district court's denial of the motion for clarification.

Although we decline to review those issues that the district court addressed in its first order, there remains one argument in Donohoe's motion for clarification that was not a simple re-argument of matters directly decided by the district court: Donohoe's request that the district court order the arbitration proceedings to proceed in the Eastern District of North Carolina. At some level of abstraction, the venue issue flows from the district court's holding that AAA

**2.** Functionally, the *Williams* decision renders reconsideration of legal arguments under Rule 60(b) essentially impossible when the arguments should have been brought under Rule 59(e). In other words, when placed within the context of the abuse of discretion standard of review under Rule 60(b), the effect of *Williams* is as follows: if a party attempts to raise in a motion for reconsideration a legal issue already decided by the district court, it follows that no abuse of discretion has taken place.

While this rationale has intuitive appeal as a manner in which to resolve the issue under the abuse of discretion standard, we note that at least one Court of Appeals has taken a similar route in analyzing the problem but disposed of the issue by dismissal instead of by affirmance. In *Smith v. Evans*, 853 F.2d 155, 158–59 (3d Cir.1988), the Third Circuit was confronted with the issue of how to resolve a post-judgment motion raising arguments that the district court had previously resolved. The court reasoned: (1) a post-judgment motion raising previously disposed issues is to be brought under Rule 59(e); (2) a Rule 60(b) post-judgment motion may not be used as a "substitute for appeal"; and (3) "legal error, without more, cannot justify granting a Rule 60(b) motion." *Id.* at 158. In declining to review the issue under Rule 60(b) in any manner, the court simply dismissed the appeal. *Smith*, 853 F.2d at 159.

The effect of dismissing the appeal as to any issues raised under Rule 60(b) that are simply revived legal arguments can be seen in *Evans* itself because in that case the district court had granted the underlying motion for reconsideration. Under the Third Circuit's approach, the appellate court "lacks jurisdiction to determine the propriety of the district court's subsequent action in granting the motion since any substantive action a court takes on an untimely motion is a nullity." *Id.* (citations and quotations omitted). Although the Third Circuit's disposition of the appeal in *Smith* was different than that offered by this Court in *Williams*, that decision illustrates the similar, essentially complete, deference that we have granted to the district court in resolving a post-judgment motion raising previously litigated issues.

We also pause to consider the implications of *In re Burnley*, 988 F.2d 1 (4th Cir.1992), on this case. In *Burnley*, as here, this Court was confronted with an argument in a post-judgment motion that the district court had already resolved. Without mentioning *Williams*, we held that the movant on the post-judgment motion had not given any supporting reasons below for why the district court should change its previous order and that, accordingly, we could not say that there was an abuse of discretion. *Burnley*, 988 F.2d at 3. Nonetheless, we proceeded in dicta to consider the issues presented in the original district court order. While we take no position here on the propriety of proceeding to consider the original order in dicta, we do not see *Burnley* as altering the essential holding in *Williams:* the denial of a motion for reconsideration is not an abuse of discretion where the motion for reconsideration simply raises previously considered and resolved legal issues.

rules apply. However, unlike the other issues discussed, the district court was not presented in the first set of motions with the issue whether the venue provision provided in AAA rules impermissibly conflicts with the FAA. Because the district court did not confront the venue issue in its first order, our holding in *Williams* does not apply. Donohoe, however, faces another difficulty: the venue issue has been rendered moot. "The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful review" of the issue presented. 13A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3533.2 (1984). Counsel for both parties conceded at oral argument that since the time of the district court's orders, AAA had issued its own order placing venue in the Eastern District of North Carolina. Specifically, AAA set the arbitration hearing in Raleigh for January 3, 1995. In addition, counsel for CNF did not express any interest in having the arbitration return to Atlanta. While there may theoretically be some possibility that AAA could change the venue again, we believe the possibility here to be too remote to justify what would amount to an advisory opinion on our part. *See Commodity Futures Trading Com'n v. Board of Trade*, 701 F.2d 653, 655 (7th Cir.1983). Accordingly, we do not address Donohoe's moot venue argument. *See* 13A *Federal Practice and Procedure* § 3533.2 ("Mootness problems arise from a wide array of circumstances in which the plaintiff has secured the requested relief by some means other than

3. Subsequent to oral argument, Donohoe filed a motion to dismiss this appeal. Donohoe argues that dismissal is appropriate because the arbitration panel issued an order resolving the underlying claims and Donohoe fears increased costs that might result now from a reversal of the district court's order. An arbitration panel's resolution of a submitted claim does not necessarily render an appeal moot. *Dollar Rent a Car of Washington v. Travelers Indem.*, 774 F.2d 1371, 1373 n. 1 (9th Cir.1985) (appellant's motion to dismiss due to issuance of arbitration panel's decision rejected "because we have not been informed that the district court has confirmed the arbitration panel's decision"); *Tamari v. Conrad*, 552 F.2d 778 (7th Cir.1977) (In rejecting appellees' argument that case is moot because

final decision of the litigation," including "when relief has been obtained by [the] ... actions [of] a nonparty.").

## III.

For the reasons stated above, the district court's order of April 6, 1994, refusing to alter its earlier order compelling arbitration is affirmed.[3]

*AFFIRMED.*

arbitrators' award was entered, the court reasoned "... it appears that the arbitrators' award has not yet been enforced. Consequently, a declaration that the award was void would still be of great assistance to [Appellants] and we therefore find that the case is not moot."). Here, not only has the district court not confirmed the arbitration panel's decision, but CNF has also indicated its specific intention to challenge before the district court the scope of the arbitration panel's power to decide certain issues addressed in the panel's order. Such a challenge might likely require the relitigation (and resulting increased costs to the parties) of many of the issues addressed in this opinion. Accordingly, we deny Donohoe's motion to dismiss.