**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMMA L. HILL,
Plaintiff-Appellant,

v.

PITT & GREENE ELECTRIC
MEMBERSHIP CORPORATION,
Defendant-Appellee,

No. 97-1257

and

CAROLINA POWER AND LIGHT
COMPANY; UNITED STATES
DEPARTMENT OF AGRICULTURE, Rural
Utilities Service; NORTH CAROLINA
RURAL ELECTRIFICATION AUTHORITY,
Defendants.

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge; Alexander B. Denson,
Magistrate Judge.
(CA-95-35-4-H-1)

Submitted: July 28, 1998

Decided: August 11, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Emma L. Hill, Appellant Pro Se. David Neal Allen, Christopher Oakes Smythe, PARKER, POE, ADAMS & BERNSTEIN, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Emma Hill appeals from the order of the district court and the final order of the magistrate judge[1] granting the Defendant's (PGEMC) motion for summary judgment in her 42 U.S.C. § 1981 (1994), 42 U.S.C.A. § 1983 (West 1994 & Supp. 1998), Bivens,[2] and state law claims. We affirm as modified.

Addressing Hill's Bivens claim, we conclude that because Hill failed to object to the magistrate judge's report and recommendation to dismiss for insufficient jurisdiction, she has waived appellate review of this claim. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). Accordingly, we affirm the district court's grant of summary judgment on this claim. Turning to Hill's § 1981 claim, we find

---

[1] The Defendant, PGEMC, filed a motion for summary judgment which was referred to a magistrate judge for resolution. The magistrate judge recommended granting PGEMC's motion on all claims except Hill's § 1983 and state trespass claims. The district court accepted this recommendation. Prior to trial, both parties consented to the jurisdiction of a second magistrate judge under 28 U.S.C.A. § 636(c) (West 1994 & Supp. 1998). This magistrate judge entered summary judgment in favor of PGEMC on the remaining claims sua sponte.

[2] **Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics**, 403 F.2d 388 (1971).

2

that Hill has failed to demonstrate that PGEMC took an easement across her property without offering to purchase the area at issue on account of her race. Accordingly, we affirm the district court's grant of summary judgment as to this claim as well.

Hill's remaining claims were finally decided by the magistrate judge with consent of the parties. Hill argues that the magistrate judge was precluded from revisiting these issues under the doctrine of stare decisis. We disagree. The factual situation at issue does not implicate the doctrine of stare decisis, but rather the law of the case doctrine. Unlike res judicata or stare decisis, this doctrine does not involve preclusion after final judgment. Instead, it regulates judicial affairs prior to the entry of final judgment. See 18 Charles Alan Wright et al., Federal Practice and Procedure § 4478 (1981). While courts generally adhere to this principle and decline to revisit previously decided issues, the law of the case is only matter of practice and as such does not limit the power of the court to reopen matters already decided. See id.; see also CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 398 n.1 (4th Cir. 1995) (stating that the law of the case doctrine is "discretionary and not mandatory"); Capital Investors Co. v. Executors of Morrison's Estate, 584 F.2d 652, 654 (4th Cir. 1978) ("The principle [of law of the case] is not absolute nor inflexible."). Accordingly, we conclude that the magistrate judge was within his authority to revisit the § 1983 and state trespass claims.

Addressing Hill's § 1983 claim, we affirm on the reasoning of the magistrate judge. Turning to the state trespass claim, however, we conclude that the claim should be dismissed without prejudice to Hill's filing it in state court. Accordingly, we affirm the magistrate judge's order disposing of this claim, but modify the order to reflect a dismissal without prejudice.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED