**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4814-17T1

BRUCE BUZALSKI,

    Plaintiff-Appellant,

v.

GEOPEAK ENERGY, a New Jersey
Limited Liability Company, and
GENE KINGMAN,

    Defendants-Respondents.

_____

> Submitted April 30, 2019 – Decided May 21, 2019
>
> Before Judges Hoffman and Enright.
>
> On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1721-14.
>
> Cronin Trial Lawyers, attorneys for appellant (Joseph D. Cronin, on the brief).
>
> Schenkman Jennings, LLC, attorneys for respondent GeoPeak Energy (Martin J. Jennings, Jr., on the brief).

PER CURIAM

Plaintiff, Bruce Buzalski, appeals from an order denying his application for reconsideration dismissing his complaint and directing the parties to pursue arbitration. We affirm.

On February 16, 2012, plaintiff executed a contract with defendant, GeoPeak Energy, for the installation of solar panels at his home. Consistent with the terms of this contract, GeoPeak agreed to install a solar power generation system leased by SunPower Solar Program I, LLC. The GeoPeak contract specified that all payments due under the contract would be "made to SunPower Lease Programs and no money is owed to GeoPeak Energy." Therefore, on February 24, 2012, plaintiff entered into a separate lease agreement with SunPower. SunPower's lease named GeoPeak as the "Dealer/Installer" of the system but the lease also made clear any designated dealer or installer was not a party to the lease.

Shortly after his solar panel system was installed, plaintiff complained the system did not work as represented and that it did not generate the savings projected by GeoPeak. He also claimed the other named defendant, Gene Kingman, as GeoPeak's employee, made certain misrepresentations to him and induced plaintiff to sign the SunPower lease.

As plaintiff's grievances were not resolved to his satisfaction, he instituted suit against GeoPeak and Kingman in 2014. In his complaint, plaintiff asserted claims

A-4814-17T1

against defendants for breach of contract, the implied covenant of good faith and fair dealing, fraud and violations of the New Jersey Consumer Fraud Act. He did not include SunPower in the suit.

In August 2015, plaintiff moved for summary judgment against GeoPeak. In response, GeoPeak moved for dismissal of plaintiff's complaint, based upon paragraph 21 of SunPower's lease. That paragraph specified any dispute, claim or disagreement related to the lease:

> shall be resolved . . . by final and binding arbitration, and not by court action . . . . You may choose one of the following arbitration organizations and its applicable rules: The American Arbitration Association ("AAA") 334 Madison Ave., Floor 10, New York, New York . . . or JAMS, 1920 Main Street, Ste. 300, Irvine, CA . . . , or any other organization that you may choose, subject to our approval . . . . Each of the parties to this Lease shall bear its own costs and expenses . . . . However, we will advance your filing, administration, service or case management fee, and your arbitrator or hearing fee, all up to a maximum of $1500.

On November 23, 2015, the trial court found GeoPeak's contract with plaintiff and SunPower's lease with plaintiff constituted a single integrated contract. Therefore, the trial court determined plaintiff and GeoPeak were bound to arbitrate their dispute. The trial court entered an order dismissing plaintiff's complaint and compelling arbitration. At the same time, it ordered Kingman's answering pleadings and defenses to be stricken with prejudice.

A-4814-17T1

According to plaintiff, after the parties were directed to arbitration, he selected an arbitrator from AAA at a location in Voorhees. GeoPeak did not agree with this selection and rejected plaintiff's claim it was responsible for payment of any arbitration fees. Therefore, GeoPeak did not submit to arbitration. It is undisputed AAA terminated arbitration for lack of payment of its requisite fee. Plaintiff then moved to reinstate his complaint. His application was denied in 2016 after the motion judge upheld the prior court determination that the parties' arbitration agreement was enforceable.

Once the parties were directed to return to arbitration, plaintiff admits he again selected AAA in Voorhees to arbitrate the dispute. He avers GeoPeak refused to participate in arbitration. GeoPeak responds that there is nothing in the record supporting his contention that he engaged in a second good faith attempt to commence arbitration. At any rate, arbitration did not proceed after the parties had been ordered a second time to arbitrate their dispute. Thus, plaintiff moved again to have his complaint reinstated. Although GeoPeak objected to his application, the trial court granted plaintiff's motion on June 9, 2017.

Next, in January 2018, GeoPeak renewed its efforts to dismiss plaintiff's complaint. He objected, reminding the trial court of the parties' lack of success with arbitration. Nevertheless, following oral argument, the trial court entered another

4

order on February 20, 2018, referring the case back to arbitration and granting GeoPeak's motion to dismiss plaintiff's complaint. Although he moved for reconsideration of this dismissal, plaintiff's reconsideration motion was denied on May 11, 2018, leading to the instant appeal.

Plaintiff argues the trial court erred when it denied his motion for reconsideration and returned the parties to arbitration. He accuses GeoPeak of stonewalling by objecting to his chosen arbitrator and by failing to advance the requisite fee for arbitration. He also cites to Roach v. BM Motoring, LLC, 228 N.J. 163 (2017) for the proposition that GeoPeak's non-payment of filing and arbitration fees amounted to a material breach of the integrated contract. Therefore, he insists GeoPeak now should be precluded from enforcing the arbitration provision of that contract. He also contends he was not limited to the two locations referenced in paragraph 21 of SunPower's lease and suggests this provision is ambiguous. Moreover, he complains the February 20, 2018 and May 11, 2018 orders conflict with the trial court's order of June 9, 2017, which allowed his complaint to be reinstated. Lastly, he insists SunPower's lease is fraudulent so any arbitration clause contained in the lease is unenforceable.

GeoPeak opposes each of plaintiff's arguments. It argues he has continuously ignored paragraph 21 of SunPower's lease by choosing an arbitrator from New

A-4814-17T1

Jersey, rather than from one of the two locations mandated in the lease and has wrongfully demanded payment of arbitration fees from GeoPeak. Furthermore, GeoPeak questions why plaintiff neglected to name SunPower as a party to this proceeding and failed to pursue SunPower for payment of the arbitration fee.

The validity of an arbitration agreement is a question of law; therefore, we review the trial court's order compelling arbitration de novo. Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). Here, paragraph 21 of the lease between plaintiff and SunPower clearly confirmed the parties were required to resolve any disputes by final and binding arbitration, rather than court action, and it specified they would not have the right to a jury trial. Contrary to plaintiff's assertions, we find paragraph 21 of the lease also plainly identified the arbitration organizations and locations that were to be used in the event of a dispute, even though it left open the possibility of an alternative arbitrator, if approved by SunPower. Thus, we do not find GeoPeak materially breached the integrated contract when rejecting plaintiff's chosen arbitrator. We further are mindful that neither party appealed the November 23, 2015 order nor subsequent orders finding SunPower's lease and GeoPeak's contract were integrated, such that the parties were bound to arbitrate

A-4814-17T1

their differences. Therefore, we find no error in the trial court's rejection of plaintiff's various arguments and its enforcement of the integrated contract.

New Jersey "has recognized arbitration as a favored method for resolving disputes." Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 131 (2001). Public policy "requir[es] a liberal construction of contracts in favor of arbitration." Alamo Rent A Car, Inc. v. Galarza, 306 N.J. Super. 384, 389 (App. Div. 1997). A court cannot decline to enforce an arbitration provision based on public policy or defenses unrelated to the making of the agreement. NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 427-28 (App. Div. 2011). Applying these principles to the facts of this case, we find the trial court's enforcement of the arbitration clause in SunPower's lease to be appropriate and equitable.

Next, we review the denial of plaintiff's motion for reconsideration under the abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (citing CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995)). Abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v.

Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application[.]" Cummings v. Bahr, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

Plaintiff did not establish the May 11, 2018 order was decided on a palpably incorrect or irrational basis, nor did he present new or additional evidence not available to him prior to entry of the May 11, 2018 order. In fact, the record reflects the trial court carefully considered the same objections plaintiff now raises on appeal, including his argument that the May 11, 2018 order conflicts with the June 9, 2017 order. Ultimately, when it rejected plaintiff's recycled arguments, the trial court relied on the law of the case,

reaffirming GeoPeak's contract and SunPower's lease were integrated. Thus, it properly concluded the parties were obliged to arbitrate their dispute.

As the trial court applied the appropriate principles and provided a rational explanation for denying plaintiff's motion for reconsideration, we affirm that denial. However, we remand this matter to the trial court for entry of an order compelling the parties to initiate arbitration proceedings consistent with the terms of their integrated contract. That order should specify a date by which the necessary payment for arbitration should be paid (up to $1500), the party responsible for said fee and a date by which arbitration should commence. Such an order should move the proverbial ball forward in this longstanding matter.

Affirmed. We remand to the trial court for entry of an order in accordance with this opinion.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4814-17T1