**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4262-17T1

ATTALLAH BRIGHTWELL,

    Plaintiff-Appellant,

v.

OFFICE OF LICENSING (an agency
of THE NEW JERSEY DEPARTMENT
OF CHILDREN AND FAMILIES),
JENNIFER THIEL, MARILYN WEISS,
ANTOINETTE MAHAN, JANET
HOCHMAN, SHARONDA CLARK,
JULISSA STUBNICKI, and HELEN
EMOND,

    Defendants-Respondents.

_____

Argued November 13, 2019 – Decided January 27, 2020

Before Judges Yannotti, Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3828-15.

Attallah Brightwell, appellant, argued the cause pro se.

Jaclyn Michelle Frey, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney

General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jaclyn Michelle Frey, on the brief).

PER CURIAM

Plaintiff Attallah Brightwell appeals from the summary judgment order and denial of reconsideration, dismissing her action against defendants.[1] The trial court found that defendants were entitled to immunity from plaintiff's claims under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, and that plaintiff failed to demonstrate a causal nexus between the actions of defendants and any alleged injuries. After a review of the contentions in light of the record and applicable principles of law, we affirm.

Plaintiff owns and operates a childcare facility. She alleges that defendant OOL, through its employees, inspected her facility excessively, committed willful misconduct and fabricated violations during the license renewal procedure. Plaintiff stated her cause of action accrued in November 2013 when defendant inspectors came to her facility and began a continuous course of willful misconduct for a "four-year period" causing the intentional and negligent infliction of emotional distress, and the onset of migraines.

---

[1] The individual defendants are all state employees working for defendant Office of Licensing (OOL) or the Department of Children and Families (DCF).

A-4262-17T1

After extensive discovery and motion practice, defendants moved for summary judgment, asserting absolute immunity from liability under the TCA and contending plaintiff had not demonstrated a permanent injury causally related to defendants' actions. When the parties appeared for oral argument, the motion judge advised he only had a limited time to hear arguments. Nevertheless, the judge asked numerous questions and permitted extensive argument from both plaintiff and defendants' counsel. The judge then requested the parties to return on another date, indicating he intended to re-read some documents.

On the second date of oral argument, the judge advised he had read over 600 pages of deposition testimony. He told the parties they could present further argument but cautioned it should not be repetitive of the prior presentation. Plaintiff reasserted her opposition to the summary judgment motion.

In an oral decision on March 23, 2018, the judge found insufficient evidence to support plaintiff's allegations. He also noted plaintiff had complained of and been diagnosed with migraine headaches several months before the November 2013 inspection. He concluded plaintiff had not established a permanent injury causally related to defendants' actions. A subsequent motion for reconsideration was denied.

A-4262-17T1

On appeal, plaintiff raises numerous arguments, contending the judge erred: 1) in finding the TCA barred her claims; 2) in denying her oral argument; and 3) in relying on an unpublished decision. She also alleges the judge was biased against her.

In our de novo review of an order granting summary judgment, we apply the same standard as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (quoting Davis v. Devereux Found., 209 N.J. 269, 286 (2012)). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). To determine whether there was a genuine issue of fact, we "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

We review the denial of a motion for reconsideration for an "abuse of discretion." Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996)

4

(quoting CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995)).

Plaintiff contends she presented sufficient evidence to demonstrate both willful malice on the part of the OOL inspectors and a permanent injury causally related to defendants' actions to establish a TCA claim. She also asserts that the trial court's denial of defendants' earlier Rule 4:6-2 motion to dismiss reflected an affirmation of the merit of her claims, barring defendants from subsequently moving for summary judgment.

We briefly address and reject the latter argument. In 2016, upon service of the complaint, defendants filed a motion to dismiss in lieu of an answer, contending the claims were barred by the immunities afforded them under the TCA. In its oral decision denying the motion, the court advised plaintiff she was not "winning today." However, in giving her all favorable inferences, the court determined plaintiff might be able to establish through discovery there was willful misconduct on the part of defendants to deprive them of the TCA's immunities. The court noted several times during its decision that it was not deciding the case on its merits. Therefore, plaintiff's argument that the doctrines of res judicata and collateral estoppel barred defendants' summary judgment motion is without merit.

5

Plaintiff's allegations regarding the OOL and its employees arise out of the renewal of the license for her childcare facility. Under N.J.S.A. 30:5B-5(a), the DCF is empowered to establish the standards for the operation and inspection of childcare centers. The OOL is responsible for ensuring the facilities' compliance with the applicable laws and regulations. N.J.A.C. 3A:52-1.1(g).

The TCA affords immunity to the OOL and its employees for all licensing functions, including actions taken during inspections. See N.J.S.A. 59:2-5 (where a public entity is authorized by law to issue licenses to facilities, "[a] public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any . . . license . . . ."); N.J.S.A. 59:3-6 (similarly, where authorized by law, "[a] public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit . . . ."). "The purpose of the immunity is to protect the licensing function and permit it to operate free from possible harassment and the threat of tort liability." Malloy v. State, 76 N.J. 515, 521 (1978).

Plaintiff does not dispute the application of the TCA to her claims but argues the OOL conducted inspections and cited her for violations in a manner that constituted actual malice and willful misconduct. She contends the TCA's

A-4262-17T1

bar to liability is inapplicable here because she has presented evidence of actual malice or willful misconduct. See N.J.S.A. 59:3-14(a) ("Nothing in this act shall exonerate a public employee from liability if it is established that his conduct . . . constituted . . . actual malice or willful misconduct.").

In granting summary judgment, the court found plaintiff had made "blanket broad-brushed allegations" of willful misconduct, unsupported by the evidence in the record. We agree.

Plaintiff contends defendants acted with willful misconduct in conducting numerous inspections of her facility, which were unnecessary as she had been certified previously without issue. She states she supported her claims with the inspection reports and "affidavits from witnesses."

The TCA does not define "willful misconduct." Our Supreme Court has cautioned against simply importing definitions of the term applied in contexts not involving sovereign immunity and the TCA. "Like many legal characterizations, willful misconduct is not immutably defined but takes its meaning from the context and purpose of its use." Fielder v. Stonack, 141 N.J. 101, 124 (1995). Even within the context of the TCA, the concept may vary, depending on the nature of the public employee's activity.

> [W]ithin a statute like the Tort Claims Act, the precise definition might differ where the role of willful

misconduct is to impose liability in numerous situations where it would otherwise not exist, for the reasons and purposes of imposing liability may differ in those situations and call for differences in the definition and application of willful misconduct.

[Id. at 125.]

In Van Engelen v. O'Leary, 323 N.J. Super. 141, 144 (App. Div. 1999), we addressed the claim that a public employee was motivated by a vendetta that allegedly vitiated his immunity defense. There, the plaintiff police officers claimed that a prosecutor and his chief of detectives maliciously prosecuted them in retaliation for their efforts to prosecute a person whom the prosecutor had represented when in private practice. Ibid. The plaintiffs alleged that immunity under the TCA was trumped by the "actual malice or willful misconduct" exception of N.J.S.A. 59:3-14. Id. at 151. We affirmed the entry of summary judgment, noting that "[c]arelessness, unreasonable conduct or even noncompliance with substantive law" was not enough to establish malice or willful misconduct. Id. at 154. The plaintiffs' allegation of willful misconduct and actual malice lacked sufficient evidential support, and were grounded in speculation. Id. at 151-53.

Here, plaintiff presented letters from several individuals attesting to her good character. She also attached notarized statements from persons who

observed the inspections. These documents do not establish evidence of a "commission of a forbidden act with actual (not imputed) knowledge that the act is forbidden." Marley v. Palmyra, 193 N.J. Super. 271, 294-95 (Law Div. 1983). The statute authorizes unannounced, on-site inspections. N.J.S.A. 30:5B-5(d).

The inspection reports show plaintiff was cited for violations but offer no evidence as to the conduct of the inspectors. None of the documents support the high standard of knowledge required of an actor to find actual malice or willful misconduct.

A careful review of the record reveals that plaintiff has presented unsupported allegations of wrongdoing and no evidence of willful misconduct. We construe the TCA to require, as proof of willful misconduct, more than proof of the actions covered by the specific grant of immunity. In other words, mere proof of actions taken pursuant to a licensing procedure such as inspections, which are immunized under N.J.S.A. 59:2-5 and N.J.S.A. 59:3-6, does not suffice to establish willful misconduct that vitiates the immunity.

Because we conclude defendants were entitled to the TCA's immunities, we need not address whether plaintiff's evidence was adequate regarding a causal connection between defendants' conduct and her injuries or whether she presented evidence of a permanent injury as defined under the TCA.

A-4262-17T1

In light of our conclusion, we discern no abuse of discretion in the court's denial of plaintiff's motion for reconsideration. Plaintiff argued the court's decision was "irrational" because it differed from the ruling made in May 2016 when the court denied defendants' motion to dismiss. We have already explained the misapprehension of that contention.

To the extent not addressed, plaintiff's remaining points lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4262-17T1