**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0495-19T1

DOMINIQUE BETTS-PAYNE,

    Plaintiff-Appellant,

v.

ANDRE G. CAMPBELL,

    Defendant-Respondent.

_____

> Submitted May 27, 2020 – Decided July 2, 2020
>
> Before Judges Yannotti, Currier and Firko.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-3746-15.
>
> Robert L. Tarver, Jr., attorney for appellant.
>
> Respondent has not filed a brief.

PER CURIAM

    Plaintiff Dominique Betts-Payne and defendant Andre Campbell are the parents of an eight-year-old son and a five-year-old daughter. Plaintiff appeals

from a June 25, 2019 order denying her application to relocate with the children to Pennsylvania and a September 9, 2019 order denying reconsideration. Because we conclude the trial court did not make factual findings on the education factor in its analysis of N.J.S.A. 9:2-4(c), we remand for a reconsideration of plaintiff's application, including an evaluation of all of the statutory factors. Since a year has passed since these events, we instruct the trial court to consider the parties' current circumstances in the context of the best interests analysis.

We derive our facts from the evidence presented during the June 2019 hearing on plaintiff's relocation application. Plaintiff is the parent of primary residence. Defendant is the parent of alternate residence and has court-ordered parenting time one weekday overnight and every other weekend. The parties share legal custody.

When the initial parenting time schedule was established, plaintiff was residing with the children in Rockaway, approximately thirty-five minutes away from Newark, where defendant lives with his parents. The parties exchanged the children at an agreed-upon location in Newark for defendant's weekend parenting time, and defendant would pick up the children from school in Rockaway for his weekday overnight. However, prior to plaintiff's application

A-0495-19T1

for relocation, she had moved to Newfoundland in Passaic County. The parenting time remained the same.

In September 2018, plaintiff lost her job. She received unemployment benefits until April 2019. Plaintiff testified she had difficulty paying her rent and other bills due to her loss of income, resulting in a poor credit rating. In May 2019, plaintiff obtained a part-time job. She also began looking for a new residence because her existing lease was set to expire in July.

Plaintiff stated she looked at a number of places with safety and a good school system as her priorities. In some instances, her applications were rejected because of her credit issues and her employment only being part-time. When she looked in Newark and Irvington, to be closer to defendant, she suggested the children's attendance at those school systems would not be in their best interests and the rent was still too expensive.

In June 2019, plaintiff informed defendant that she planned to relocate with the children to a residence in Tobyhanna, Pennsylvania. The following day, defendant filed a motion for a modification of child support and raising issues regarding his daughter's hairstyle, his son's clothing and school attendance, and vacation time with the children. He also opposed plaintiff's

A-0495-19T1

proposed relocation, arguing the move was too far away and his parenting time would be reduced as a result. Defendant did not seek a change in custody.

In response, plaintiff filed an application to relocate the children to Pennsylvania by June 28, 2019. She advised the new residence was only ten minutes from the New Jersey border and a thirty to forty minute longer drive for defendant than where she was living in Newfoundland. She stated she had done all she could to remain in New Jersey but had been unable to find anything affordable.

On June 24, 2019, the court held a plenary hearing on the parties' applications. Both parties appeared pro se. Plaintiff testified and presented six witnesses – family and friends who generally described her as a good mother and supported the move to Pennsylvania as beneficial for financial reasons and the children's education.

Plaintiff asserted the relocation was in the best interests of the children because they would be going to a "great school district" and community and there would be no "strain" on their relationship with defendant because she intended to comply with the current parenting schedule. She explained she had always taken care of the children and followed the parenting schedule. She further asserted that if the children were not permitted to relocate with her and

4

had to move in with defendant, they would not be in a "comparable school district" and would "be taken care of by their [paternal] grandparents . . . ."

Defendant opposed plaintiff's relocation request because he thought the move to Pennsylvania was a "far drive" and his parenting time would likely be reduced.[1]

The court issued an oral decision following the hearing on June 24, 2019. In recognizing Bisbing[2] as the controlling law, the court addressed the factors under N.J.S.A. 9:2-4(c) to determine whether relocation was in the best interests of the children. With two exceptions, the court found the factors were neutral or not applicable. In addressing "the quality and continuity of the children's education," the court only considered its application to the parties' son as their daughter had not yet started school. The court found there was no "particular testimony about the . . . school where the plaintiff intends to move in Pennsylvania." However, the court acknowledged plaintiff's testimony that she sought a quality education for her children. As to continuity, the court noted the son would have to change schools whether plaintiff was in Pennsylvania or New

---

[1] The parties discussed, and the court ruled, on defendant's additional issues raised in his application. We need not address those rulings as they are not a subject of this appeal.

[2] Bisbing v. Bisbing, 230 N.J. 309 (2017).

A-0495-19T1

Jersey since she was unable to find affordable housing in their current school district. The court concluded the factor was neutral or slightly against relocation because the son had already started school in New Jersey.

In considering the factor of the parties' geographical proximity, the court noted plaintiff's willingness to drive to a meeting point with defendant that would be comparable to his current traveling time. However, the court found the factor weighed against relocation because the distance between the parties would be extended.

In finding no factors weighed in favor of relocation, one factor weighed against relocation, and the remaining were neutral or not applicable, the court denied plaintiff's application. The ruling was memorialized in a June 25, 2019 order.

Shortly thereafter, plaintiff retained counsel who filed a motion for a stay and reconsideration on July 15, 2019. Although the motion was stamped as received on that date, it was not docketed because it was missing payment.[3]

---

[3] Counsel represented to the court during the hearing on the reconsideration motion that he personally delivered the original motion papers with a check to the courthouse on July 15, 2019. The court accepted his representation.

When the papers were returned to counsel as "deficient," he delivered a replacement check.

However, the motion was not calendared until September 9, 2019. When the parties convened on that date, plaintiff's counsel advised the court that plaintiff had moved to Tobyhanna with the children. He explained the circumstances surrounding the filing of the motion, noting that if the motion was docketed and calendared as anticipated, the case would have been heard before plaintiff's lease expired on July 30.

Because plaintiff was requesting a stay of the court's decision and reconsideration, counsel reasoned if the court had granted the stay, plaintiff could have moved without consequences. Counsel was resolute that plaintiff had not disregarded the court's order but had moved only because of his advice. The children were enrolled in schools in Pennsylvania – the son had started second grade and the daughter was in daycare.[4] The move had not interfered with defendant's parenting time; the parties still met at an agreed-upon location. In addition, plaintiff had given birth to a child on August 10.

---

[4] Counsel also represented that plaintiff was working from home while living in Pennsylvania, however it is unclear whether plaintiff changed jobs or continued to work at her part-time job in Rockaway.

A-0495-19T1

During the September 9 hearing, plaintiff's counsel argued the court erred in failing to appreciate that (1) the educational opportunities in Pennsylvania were superior to the area in which plaintiff could afford to live in New Jersey, and (2) the move to Pennsylvania was within a geographical distance closer to defendant's residence than if she had moved to other locations in New Jersey.

Plaintiff informed the court that she had nowhere to live in New Jersey. And, if the children were compelled to return to New Jersey, they would have to live with their father in Newark and attend the local elementary school, which plaintiff's counsel represented was in the "[1.7] percentile of school proficiency in . . . New Jersey."

Plaintiff also asserted the court erred in its consideration of the geographical proximity factor. Although she was living in another state, she had, and would continue to comply with, the court's order regarding defendant's parenting time.

In response, defendant reasserted his argument that the children's new residence in Tobyhanna was too far away. Plaintiff argued that defendant had not articulated any reason that the relocation was not in the children's best interest.

A-0495-19T1

In an oral decision and accompanying order of September 9, 2019, the court denied the motion for a stay and reconsideration of its June 25, 2019 order. The judge stated he considered all of the N.J.S.A. 9:2-4(c) factors in his previous decision, made specific findings with respect to each one, and made a determination as to whether each factor was neutral, not applicable, or weighed in favor of or against granting plaintiff's relocation application. The court ordered plaintiff to return the children to New Jersey within thirty days.

After plaintiff filed a notice of appeal, she presented an emergent application to the family court for an order staying the court's orders and requiring defendant to show cause why the date for the return of the children should not be extended. The court denied plaintiff's request for a stay but extended the deadline to return the children to October 31, 2019. On November 15, 2019, the court denied plaintiff's order to show cause; the children were ordered to return to New Jersey no later than November 22, 2019.

On November 20, 2019, plaintiff filed an application for permission to file an emergent motion with this court, requesting a stay pending appeal of the family court's orders denying relocation and the subsequent orders requiring the children's return. We granted plaintiff leave to file an emergent application. In

response to plaintiff's application, defendant advised he opposed the motion and relied upon the trial court's orders.

On November 22, 2019, we granted plaintiff's emergent motion for a stay pending appeal. In our order, we stated, "[W]e are convinced that the children may suffer some harm from the disruption that would result if they are required to return to New Jersey by November 22, 2019, as ordered by the trial court." For that reason alone, we determined that the trial court's orders should be stayed pending the disposition of the appeal.

On appeal, plaintiff argues that the family court erred in denying her application to relocate with the parties' children by failing to properly apply and weigh two factors under N.J.S.A. 9:2-4(c). Specifically, plaintiff contended the court did not evaluate the quality and continuity of the children's education factor because a proper analysis would conclude in a finding that the factor weighed in favor of relocation. Plaintiff contends she cannot afford housing in New Jersey, and, therefore, the children would have to move into their father's residence in Newark.

Plaintiff argues the court failed to consider the information that the parties' son was currently enrolled in "one of the top-rated schools in Pennsylvania" where he has "excelled" and "made relationships with students and teachers." If

A-0495-19T1

forced to return to New Jersey, their son would attend a school in Newark, where he would not get as good an education as he would in the school in Pennsylvania.

Plaintiff also contends the court erred in its evaluation of the geographical proximity factor because the children's relocation would not impact defendant's relationship with them and, therefore, it should not have weighed against relocation. She contends there was no testimony that defendant's parenting schedule would change as a result of the children's move.

Our review of a family court order is limited. See Cesare v. Cesare, 154 N.J. 394, 411 (1998). Generally, the family court's factual findings "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Challenges to legal conclusions, as well as the trial court's interpretation of the law, are subject to de novo review. Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)). We review the denial of a motion for reconsideration for an "abuse of discretion." Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (quoting CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995)).

Under N.J.S.A. 9:2-2, a parent who seeks to remove a child from this state when the other parent does not consent must demonstrate "cause" for the removal. The legislative intent of this statute was "to preserve the rights of the noncustodial parent and the child to maintain and develop their familial relationship." Bisbing, 230 N.J. at 323 (quoting Holder v. Polanski, 111 N.J. 344, 350 (1988)).

In Bisbing, the Court interpreted "cause" under N.J.S.A. 9:2-2 as requiring the petitioning parent to satisfy the best interests analysis set forth in N.J.S.A. 9:2-4(c), "supplemented by other factors as appropriate." 230 N.J at 338 (citing N.J.S.A. 9:2-4(c)). In making "the sensitive determination of cause[, a court] must weigh the custodial parent's interest in freedom of movement as qualified by his or her custodial obligation, the State's interest in protecting the best interests of the child, and the competing interests of the noncustodial parent." Id. at 323 (internal quotation marks omitted) (quoting Holder, 111 N.J. at 350).

Here, the trial court performed the required best interests analysis under N.J.S.A. 9:2-4(c), finding all but two of the factors to be neutral or inapplicable. Therefore, we need only address the two statutory factors pertinent to the issues in this appeal – the quality and continuity of the child's education, and the geographical proximity of the parents' homes. A careful review of the record

reveals the court did not make the required factual findings regarding the education factor. Where, as here, the case presents a close call, and the court only found one factor against relocation, it was imperative to address all of the factors thoroughly.

Plaintiff was a self-represented litigant when she filed her request to relocate the children and during the plenary hearing. She explained to the court her inability to find affordable housing in New Jersey in an area with a quality school system. She and her witnesses testified regarding the importance of a good education for her children. She completed several years of college herself.

Plaintiff also informed the court that relocation was in the best interests of the children because they would be living in a "great school district." She assured the court she intended to honor defendant's parenting time. Defendant did not dispute plaintiff's contention that the school district where she proposed to live in Pennsylvania provided an education superior in quality to that of the elementary school in his parent's Newark neighborhood.

In assessing the quality and continuity of the children's education, the court found there was no testimony about the particular school in Pennsylvania and the parties' son would not have continuity regardless of which state plaintiff

lived in, because she needed to move from her current location. The court deemed the factor as neutral or slightly against relocation.

In her reconsideration motion, plaintiff's counsel argued the court erred in not considering the information plaintiff presented regarding the difference in the quality of education between her proposed Pennsylvania school district and that serving defendant's residence in Newark. Counsel also attempted to provide the court with documentation about the Pennsylvania school district. Counsel noted it was a highly rated school and juxtaposed it with the school the children would attend if living with defendant in Newark. That elementary school was in the 1.7 percentile of school proficiency in New Jersey – rated a "1" out of "10."

The court denied the motion for reconsideration, finding plaintiff had not demonstrated any error in the June 24, 2019 ruling. The judge stated he had made factual findings regarding the education factor. We disagree.

Although the judge was careful in his review of the statutory factors, he did not make any findings on the undisputed testimony provided by plaintiff regarding the Pennsylvania school district. On reconsideration, plaintiff's counsel attempted to bolster the argument with documentation regarding the Pennsylvania school.

A-0495-19T1

We are satisfied plaintiff's argument concerning the lack of judicial findings on the education factor was sufficient to warrant additional attention by the court in determining the motion for reconsideration. Particularly so here where the court only found one factor against relocation. The quality of education offered by a municipality is undeniably paramount to a parent's consideration of where to establish a residence. Plaintiff's testimony on this factor should have been considered and weighed by the court in the best interests analysis. In addition, where the court only relied on its finding that plaintiff was moving too far away from defendant – the geographical proximity factor – to deny relocation, it was error not to consider the documentation proffered by plaintiff's counsel to support plaintiff's earlier contentions regarding the quality of the education in the Pennsylvania school district. See Cummings, 295 N.J. Super. at 384 (citing D'Atria v. D'Atria, 242 N.J. Super. 392, 576 (Ch. Div. 1990)) (noting reconsideration should be employed when "new or additional information [is brought] to the [c]ourt's attention . . . ."); see also Bisbing, 230 N.J. at 335 (citations omitted) (stating that in conducting a best interests analysis, a trial court may consider documentary evidence).

We therefore vacate the orders denying plaintiff's application for relocation and for reconsideration. However, because it has been a year since

15

these proceedings began, we remand for the trial court to reconsider plaintiff's motion for relocation. Plaintiff has liveI hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISIONlmost a year now. The parties' son has finished a year of s          ughter is entering kindergarten. The information presented to this court, and previously the trial court, is stale and incomplete.

The trial court shall order briefs and hold a hearing as it deems appropriate. The court shall consider all of the factors under N.J.S.A. 9:2-4(c), including the current state of plaintiff's employment, housing, the children's education, and whether the parties complied with the existing parenting time order or were able to adapt to an agreed-upon parenting schedule. If plaintiff satisfies her burden under Bisbing and the court finds it is in the best interests of the children to live in Pennsylvania, the court may consider adjusting the parenting time order to grant defendant more time with the children during school vacations, summer, and holidays, if defendant so desires. We commend the trial court for its careful analysis, but in such a close case, we must hold the court to a consideration of all of the factors. We have no opinion on the outcome of the hearing.

Vacated and remanded to the court for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                                                                    A-0495-19T1